The **ATTORNEY GENERAL OF TEXAS**, Appellant,

v.

**Dennis Dale ORR**, Appellee.

No. 03–97–00618–CV.

Court of Appeals of Texas, Austin.

April 8, 1999.

---

John B. Worley, Office of Atty. Gen., Austin, for appellant.

Lawrence P. Schaubhut, Schaubhut & Gill, Austin, for appellee.

Before Justices JONES, B.A. SMITH and YEAKEL.

J. WOODFIN JONES, Justice.

The Attorney General of Texas, appellant, initiated proceedings against appellee Dennis Dale Orr to enforce the child-support provisions of a modified divorce decree. In 1994 the district court issued enforcement and wage-withholding orders against Orr and committed him to jail for contempt in failing to pay support. The district court subsequently suspended Orr's commitment and placed him on probation. In 1996 the Attor-ney General moved to revoke Orr's probation, alleging that he had failed to timely pay child support. Orr answered and moved to set aside the enforcement and withholding orders. Following hearings before an associate judge (formerly called a master), the district court rendered judgment denying the Attorney General's motion to revoke probation and rescinding the withholding order. The Attorney General brings this restricted appeal under Rule 30 of the Texas Rules of Appellate Procedure. We will reverse and remand.

## MOTION TO DISMISS FOR WANT OF JURISDICTION

■ Orr contends at the outset that this Court should dismiss the appeal for want of jurisdiction because the Attorney General participated in the hearing that resulted in the judgment. To be entitled to pursue a restricted appeal, the party seeking to appeal must show that it did not participate in the "hearing that resulted in the judgment complained of." [1] Tex.R.App. P. 30. Thus, if the Attorney General participated in the hearing, this Court lacks jurisdiction and must dismiss the appeal. See Diferrante v. Keraga, 976 S.W.2d 683, 685 (Tex.App.—Houston [1st Dist.] 1997, no pet.).

■ As a preliminary matter, we note that Rule 30 should be construed liberally in favor of the right to appeal. Rule 1 of the Texas Rules of Civil Procedure states that the objective of rules of civil procedure "is to obtain a just, fair, equitable, and impartial adjudication of the rights of litigants under established principles of substantive law" and, to that end, "these rules shall be given a liberal construction." Tex.R. Civ. P. 1. As originally promulgated, the rules of procedure governing appeals were part of the Texas Rules of Civil Procedure. See Tex.R. Civ. P., 136 Tex. 442 (1940). While so unified, the rules governing appeals were interpreted to further

---

1. A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal, may file a restricted appeal within six months after the judgment was signed. Tex.R.App. P. 30. The scope of review in a restricted appeal is the same as in an ordinary appeal, except that the error must appear on the face of the record. Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex.1997).

the objective of Rule 1. *E.g., Smirl v. Globe Labs., Inc.* 144 Tex. 41, 188 S.W.2d 676, 678 (1945) (construing rule governing appeals by indigents in favor of reaching the merits).

In 1986 the supreme court created the Texas Rules of Appellate Procedure by removing from the Rules of Civil Procedure those rules pertaining to appeals. *See* Tex. R.App. P., 49 Tex. B.J. 556 (Tex.1986). We believe the mere act of carving the rules governing appeals out of the general body of procedural rules and establishing them separately should not change the objective they serve. Following the creation of the appellate rules, the supreme court has pursued the objective of construing them liberally so as not to forfeit the right to appeal on procedural grounds. *See Maxfield v. Terry,* 888 S.W.2d 809, 811 (Tex.1994); *Fredonia State Bank v. General Am. Life Ins. Co.,* 881 S.W.2d 279, 282 (Tex.1994).

Similarly, in construing the statutory predecessor to Rule 30, the supreme court stated that statutes giving and regulating the right of appeal are remedial and, in cases of doubtful construction, should be liberally construed in favor of the right to appeal. *Lawyers Lloyds v. Webb,* 137 Tex. 107, 152 S.W.2d 1096, 1098 (1941); *see also Stubbs v. Stubbs,* 685 S.W.2d 643, 645 (Tex.1985) (citing *Lawyers Lloyds* with approval). Even after the regulation of writ-of-error appeals passed from statute to procedural rule, the policy of liberal construction has continued. *E.g., Robertson v. Hide–A–Way Lake Club,* 856 S.W.2d 841, 844 (Tex.App.—Tyler 1993, no writ). We therefore construe Rule 30 liberally in favor of the right to appeal.

■ In the present case, an associate judge held an evidentiary hearing on the parties' motions and issued a report. *See* Tex. Fam.Code Ann. (hereinafter "Code") §§ 201.007, .011 (West 1996). All parties participated in that hearing. Although the Attorney General filed a notice of appeal requesting a de novo hearing before the district court, also called the referring court, that court adopted the associate judge's report without change and without holding a de novo hearing. *See* Code §§ 201.014, .015. The referring court adopted the associate judge's report without any participation by

the Attorney General in that court. The question raised is whether the "hearing that resulted in the judgment" occurred when the associate judge heard the parties' evidence or when the judge of the referring court undertook consideration of the associate judge's report and the papers relating to the case. *See* Code § 201.011(e).

The Family Code authorizes trial courts to refer certain family law matters to associate judges. *See generally* Code §§ 201.001–.017. When a matter is referred, the associate judge is authorized to conduct a hearing at which evidence is presented, to make findings of fact based on the evidence, to formulate conclusions of law, and to recommend an order to be rendered in a case. Code § 201.007. The associate judge makes her findings, conclusions, and recommendations in the form of a written report. Code § 201.011. Any party may appeal the associate judge's report to the referring court by timely filing a notice of appeal specifying the findings and conclusions to which the party objects. Code § 201.015(a), (b). On appeal to the referring court, the parties may present witnesses as in a hearing de novo on the issues raised in the appeal. Code § 201.015(c).

■ A party who files a notice of appeal to the referring court in compliance with the Family Code is entitled to a de novo hearing before that court. Code § 201.015(f). Judicial review by trial de novo is not a traditional appeal, but a new and independent action characterized by all the attributes of an original civil action. *Key W. Life Ins. Co. v. State Bd. of Ins.,* 163 Tex. 11, 350 S.W.2d 839, 846 (1961); *Godwin v. Aldine Indep. Sch. Dist.,* 961 S.W.2d 219, 221 (Tex.App.—Houston [1st Dist.] 1997, pet. denied). For instance, if the party with the burden of proof prevails before the associate judge, that party must still carry its burden in a de novo hearing before the referring court. *Godwin,* 961 S.W.2d at 221. For purposes of the final determination of the merits of the case, therefore, filing a notice of appeal to the referring court cuts off the earlier proceedings, and evidence is presented anew to the referring court; in making its decision, the referring court may not rely on what occurred before the associ-

ate judge.[2] Although in the absence of a notice of appeal the referring court's action continues a process begun before the associate judge, filing a notice of appeal breaks that continuity and begins an entirely new process.

■ A restricted appeal is typically taken from a default judgment that has been rendered after a party fails to attend trial. *See Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 589 (Tex.1996). A default judgment can be rendered either before or after the defendant files an answer, with a restricted appeal being available in either case. Similarly, a party whose case is heard by an associate judge and who files a notice of appeal from the report could fail to attend the de novo hearing before the referring court. Given that filing a notice of appeal initiates a new process before the referring court, such a defaulting party stands in the same position as one who fails to attend an ordinary trial on the merits after answering the petition.

■ A variation on these facts could occur if a party files a notice of appeal in compliance with the Family Code, but the referring court signs a judgment without holding a de novo hearing. Because filing the notice effectively nullifies previous proceedings and initiates the process of obtaining a de novo hearing, the party filing it has a reasonable expectation that a de novo hearing before the referring court will occur. Thus, for purposes of a restricted appeal, we treat this situation the same as one in which a de novo hearing is held but not attended by

the appealing party: if, notwithstanding the timely filing of a notice of appeal, the referring court renders judgment without holding a de novo hearing, the "hearing" that leads to the judgment occurs when the referring court considers the matter.[3]

In the present case, the Attorney General filed a notice of appeal that was timely and that complied with the Family Code's requirements. By this notice, the Attorney General invoked his right to a de novo hearing and set in motion a new process before the referring court. The referring court nevertheless signed the judgment without holding a de novo hearing. We conclude that the hearing that led to the judgment occurred when the judge of the referring court considered the proposed judgment. The Attorney General did not participate in the hearing before the referring court and may therefore bring this restricted appeal. We overrule Orr's amended motion to dismiss the appeal.

## MERITS OF APPEAL: FAILURE TO HOLD DE NOVO HEARING

■ In his first issue on appeal, the Attorney General contends that the district court erred in rendering judgment without holding a de novo hearing on his appeal of the associate judge's report. A party may appeal an associate judge's report by filing a notice of appeal not later than the third day after the date he receives notice of the substance of the report. Code § 201.015(a). A notice of appeal must be in writing specifying the associate judges's findings and conclu-

2. We do not view this holding as inconsistent with section 201.013(a) of the Code, which provides that, pending appeal of the associate judge's report to the referring court, the associate judge's recommendations are in full force and are enforceable as an order of the referring court. Code § 201.013(a). We view the purpose of section 201.013(a) to be allowing temporary orders to be in effect pending trial before the referring court. Despite the continuing validity of the associate judge's recommendations for that limited purpose, the judgment of the referring court on the issues appealed will be based solely on evidence presented at the de novo hearing.

Because the appeal to the referring court is limited to the findings and conclusions specified

in the notice of appeal, filing the notice restarts the process only to the extent of the challenged findings. *See* Code § 201.015(b). Although the scope of the appeal may be thus limited, the effect of taking even a limited appeal is to begin again as to the issues appealed.

3. Unless required by the express language or the context of the particular rule, the word "hearing" does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court. *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (1998); *Gulf Coast Inv. Corp. v. Nasa 1 Business Ctr.*, 754 S.W.2d 152, 153 (Tex.1988); *Classic Promotions, Inc. v. Shafer*, 846 S.W.2d 948, 950 (Tex.App.—Houston [14th Dist.] 1993, no writ).

sions to which the party objects. Code § 201.015(b). The referring court, after notice to the parties, "shall hold a hearing on all appeals" not later than thirty days after the notice is filed with the referring court. Code § 201.015(f).

The associate judge held two hearings in this cause, at the second of which she announced her recommended ruling. The Attorney General filed a written notice of appeal three days later. In this notice, the Attorney General specified the findings and conclusions to which he objected and asked three times for a hearing before the referring court. The Attorney General thus complied with each statutory requirement for obtaining a de novo hearing before the referring court.

The Family Code's requirement that the referring court "shall hold a hearing" on all appeals has been held to be mandatory. *See Ex parte Brown*, 875 S.W.2d 756, 760 (Tex. App.—Fort Worth 1994, orig. proceeding) (construing same language in predecessor to section 201.015); *Ex parte Haskin*, 801 S.W.2d 12, 13 (Tex.App.—Corpus Christi 1990, orig. proceeding) (referring court must hear evidence on issues appealed); *see also Simms v. Lakewood Village Property Owners Ass'n, Inc.*, 895 S.W.2d 779, 783 (Tex. App.—Corpus Christi 1995, no writ) ("shall" generally denotes imperative or mandatory requirement). We observe that the power to seat a jury to try factual issues is not among the powers the Family Code confers on an associate judge. *See* Code § 201.007. To allow a referring court to deny parties a jury trial by refusing to hold a de novo hearing after a notice of appeal is filed would raise serious questions. *See Young v. Young*, 854 S.W.2d 698, 701 (Tex.App.—Dallas 1993, writ denied) (facts objected to in master's report are to be tried de novo before jury if one is timely requested).

█ Considering the language of the statute in view of the statutory scheme of referring matters to associate judges, we conclude that, when a notice of appeal is properly filed, the requirement that the referring court hold a de novo hearing is mandatory. Because the Attorney General properly appealed the associate judge's report,

the referring court erred in rendering judgment without holding a de novo hearing. We presume that the failure to hold such a hearing is harmful. *See id.* at 703.

█ Orr nevertheless argues that the Attorney General forfeited his right to a de novo hearing by failing to comply with Travis County Local Rule 6.13, which requires a party requesting a de novo hearing before a referring court to deliver a copy of the request to the court administrator on the same day the request is filed with the district court. In response, the Attorney General argues that Local Rule 6.13 is invalid because it adds a requirement not contained in the statute. We need not address whether Local Rule 6.13 is ineffectual in all circumstances. We simply hold that when a notice of appeal has been filed from the associate judge's report in compliance with statutory requirements, a decision on the merits must be made as if no proceedings had occurred before the associate judge; thus, if the appealing party defaults, the referring court should hear evidence to the extent evidence would be required in a post-answer default.

Orr also argues that the Attorney General participated in the hearing before the referring court by approving as to form the associate judge's recommended judgment. Because the record shows that the Attorney General approved only the form—not the substance—of the recommended order submitted to the associate judge, we reject this argument.

We conclude that the district court erred in failing to holding a de novo hearing, and we therefore sustain the first issue. In light of this determination, we need not address the second and third issues. We also decline to render an advisory opinion on the fourth issue, in which the Attorney General seeks guidance on certain issues that he says may arise on remand.

## CONCLUSION

Having determined that we possess jurisdiction over the appeal and having sustained the Attorney General's first issue, we reverse the judgment of the district court and re-

mand the cause to that court for further proceedings.