Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed November 17, 2005









Petition for Writ of Mandamus Conditionally Granted
and Memorandum Opinion filed November 17, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00820-CV

____________

 

IN RE JIMMY ANDERSON, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R A N D U M   O
P I N I O N

On August 9, 2005, relator, Jimmy Anderson, filed a petition
for writ of mandamus requesting this court to direct Respondent, the Honorable
Frank B. Rynd, to vacate his order of July 28, 2005, vacating the Final Decree
of Divorce signed April 15, 2005.  See
Tex. Gov. Code Ann. ' 22.221 (Vernon 2004); see also
Tex. R. App. P. 52.   The record reflects the trial court signed
the judgment on April 15, 2005.  On July
28, 2005, the trial court set it aside. 
Jimmy Anderson asserts the trial court=s plenary power had already expired,
therefore any action taken by the trial court is a nullity.








Mandamus will issue when there is no other adequate remedy at
law to correct a clear abuse of discretion or the violation of a duty imposed
by law.  See Johnson v. Fourth Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985); State v. Walker, 679
S.W.2d 484, 485 (Tex. 1984).  A writ of
mandamus is appropriate to set aside an order entered after the court=s plenary powers expires and is
therefore void.  See In re Dickason,
987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding); In re Parker, 117
S.W.3d 484, 486 (Tex. App. B Texarkana 2003, orig. proceeding).  

A trial court retains plenary power over a final judgment for
thirty days after signing the judgment.  See
Tex. R. Civ. P. 329b(d).  That thirty-day period may be extended by
filing a motion for new trial or motion to modify, correct or reform the
judgment.  See Tex. R. Civ. P. 329b(a), (g).  The Real Party in Interest, Hollie Anderson,
argues the notice of appeal of the Associate Judge=s ruling was a post-judgment motion
that operated to extend the trial court=s plenary power.  The notice of appeal in the record before
this court does not reflect a filing date but the certificate of service bears
a date of February 18, 2005.[1]  Regardless, the notice of appeal is not a
post-judgment motion.  The notice of
appeal to the referring court is not a traditional appeal but begins a de novo
hearing in which the referring court may not rely on what occurred before the
associate judge.  See Attorney General
of Tex. v. Orr, 989 S.W.2d 464, 467 (Tex. App. B Austin 1999, no pet).  The evidence must be presented again and the
party with the burden of proof before the associate judge must carry that
burden before the referring court.  Id.  The findings and recommendations of the
associate judge do not become the order of the referring court until the
referring court signs an order.  See
Tex. Fam. Code Ann. ' 201.016(b).  It is A[t]he date an order or judgment by
the referring court is signed [that] is the controlling date for purposes of
appeal.@ 
Id.  Accordingly, the
thirty-day period began when the referring court signed its judgment on April
15, 2005, and the trial court lost plenary power on May 15, 2005, the thirtieth
day after the judgment was signed.








Hollie Anderson also claims that under Texas Rule of Civil
Procedure 306a(4) the trial court=s jurisdiction was extended.  Rule 306a provides that if, within twenty
days after the judgment is signed, a party has neither received notice nor
acquired actual notice, the time periods begin on the date that the party
either received notice or acquired actual notice, whichever occurred first, but
in no event shall the periods begin more than ninety days after the original
judgment was signed. See Tex. R.
Civ. P. 306a(4).  To invoke this
exception, Athe party adversely affected is
required to prove in the trial court, on sworn motion and notice, the date on
which the party or his attorney first either received a notice of the judgment
or acquired actual knowledge of the signing and that this date was more than
twenty days after the judgment was signed.@ 
See Tex. R. Civ. P. 306a(5).
 The record does not reflect a motion was
filed to extend post-judgment deadlines under Rule 306a.  See Jon v. Stanley, 150 S.W.3d 244,
248 (Tex. App. B Texarkana 2004, no pet.); In re Estate of Padilla,
103 S.W.3d 563, 567 (Tex. App. B San Antonio 2003, no pet. h.).  Although counsel for Hollie Anderson has
filed a sworn affidavit with this court averring he acquired actual notice in
June of 2005, no assertion is made that a motion was filed in the trial court
pursuant to Tex. R. Civ. P. 306a(5).

The order vacating the divorce decree was entered after
expiration of the trial court=s plenary power and no motion was filed that would extend the
trial court=s power.  Accordingly, the July 28, 2005, order
vacating the final divorce decree is void and the trial court abused its
discretion in vacating the April 15, 2005, judgment.  Since the trial court=s plenary power had expired, the
judgment may be set aside only by a timely-filed bill of review for sufficient
cause.  See Tex. R. Civ. P. 329b(f).  

The writ of mandamus is conditionally granted.  We are confident the trial court will vacate
its order of July 28, 2005.  If the trial
court fails to do so, the writ will issue.

WRIT CONDITIONALLY GRANTED.  


PER CURIAM

Petition for Writ of Mandamus
Conditionally Granted and Memorandum Opinion filed November 17, 2005.

Panel consists of Justices Fowler,
Edelman, and Guzman. (J. Guzman concurs in result only).











[1]The record contains a Stipulated Waiver of Appeal from
Associate Judge=s Ruling/Recommendation filed December 6, 2004.