Opinion issued March 26, 2009


 










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00954-CV

____________


VICTOR WOODARD, Appellant


V.


THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS AND
TRRISTAAN CHOLE HENRY, Appellees






On Appeal from the 308th District Court

Harris County, Texas

Trial Court Cause No. 2006-08565



 

MEMORANDUM OPINION

 Appellant, Victor Woodard, appeals from the trial court's judgment in favor of
appellees, Trristaan Henry and the Texas Attorney General. In three issues, Woodard
challenges the trial court's jurisdiction, refusal to grant a de novo hearing, and the
factual sufficiency of the evidence to support several rulings concerning child support
and possession of his child. We conclude that the trial court had jurisdiction over this
case, and that the trial court erred by denying Woodard's request for a de novo
hearing. We reverse and remand, without addressing the sufficiency of the evidence. 

Background

 In 2006, the Texas Attorney General petitioned to establish the parent-child
relationship between Woodard and K.J.W., a young boy. According to the clerk's
docket sheet, on May 1, 2007, "NCP [Woodard] appeared, CP [Henry] made Default. 
Hearing held, Default J granted & Orders Submitted." However, the parties disputed
whether a default judgment occurred. The clerk's record does not contain a signed
default judgment. 

 At a hearing before the associate judge on August 14, 2007, the associate judge
established Woodard's paternity, established the parent-child relationship, appointed
Henry managing conservator, appointed Woodard possessory conservator, set
visitation, ordered current child support, and ordered cash medical support. The
associate judge signed the order with these determinations on August 17, 2007. 

 On August 15, 2007, the day after the hearing, Woodard filed a notice of appeal
from the associate judge's ruling requesting that the district court review the associate
judge's rulings. Woodard's notice of appeal provided, in part,

In the Associate Judge's proposed Order Establishing the Parent-Child
Relationship, Respondent was ordered to pay current child support in
the amount of $342.00, in excess of guidelines. Further, the current
child support order disregards child support he currently pays for two
other children who are not before the Court.


The Court ordered Respondent to pay [Trristaan] Henry cash medical
support of $224.00 without evidence of insurance costs from Ms. Henry
and without allowing Respondent to directly provide health insurance
for the child. The Court improperly ordered medical support arrears of
$165.79.


The Court did not appointed [sic] Respondent as Possessory
Conservator instead of Joint Managing Conservator of the Child. The
Court did not order a geographic restriction to the primary residence of
the child. 


The Court ordered limited possession and access to the child by
Respondent which is not pursuant to the Standard Possession Order of
the Family Code and not in the best interest of the child. 


The Court ordered the child support provisions and the cash medical
support provisions an obligation of the estate of Victor Woodard which
contradicts the code.


Victor Woodard objects to each finding and/or conclusions of the
Associate Judge indicated above.


(Emphasis added). Woodard requested the court set the matter on the docket for a
hearing.

 Henry responded with a "motion to deny appeal" acknowledging that Woodard
"filed what appears to be a timely notice of appeal to the referring court." However,
Henry asserted Woodard's notice of appeal failed to comply with the Family Code 
because it failed to specify the findings and conclusions of the associate judge to
which the party objects. On September 25, 2007, the district court signed an order
denying the appeal to the district court. Woodard then appealed to the court of
appeals. 

Jurisdiction

 In his second issue, Woodard contends that the trial court lost jurisdiction of
the case 30 days after May 1, 2007, the date on which the docket sheet indicates that
a default judgment was granted, making the subsequent orders void. 

 A trial court "has plenary power to grant a new trial or to vacate, modify,
correct, or reform the judgment within thirty days after the judgment is signed." Tex.
R. Civ. P. 329b(d); see L.M. Healthcare, Inc. v. Childs, 929 S.W.2d 442, 443 (Tex.
1996) (per curiam) ("A party must file a motion for new trial no later than the thirtieth
day after the judgment was signed."); Coinmach, Inc. v. Aspenwood Apt. Corp., 98
S.W.3d 377, 380 (Tex. App.--Houston [1st Dist.] 2003, no pet.). 

 Here, although the docket entry mentions a default judgment, the record does
not contain a signed default judgment. See Childs, 929 S.W.2d at 443. Because there
was never a signed default judgment, the court had continuing jurisdiction. See id. 
Thus, the subsequent orders are not void. See id. Accordingly, we overrule
Woodard's second issue. 

De Novo Hearing

 In his first issue, Woodard asserts, and the Office of the Attorney General
agrees, that the trial court erred when it refused Woodard's request for a de novo
hearing. "The Family Code authorizes trial courts to refer certain family law matters
to associate judges." Attorney Gen. of Tex. v. Orr, 989 S.W.2d 464, 467 (Tex.
App.--Austin 1999, no pet.) (citing Tex. Fam. Code Ann. §§ 201.001-.017 (Vernon
2008)). After a matter is referred, the associate judge is authorized to conduct a
hearing at which evidence is presented, to make findings of fact based on the
evidence, to formulate conclusions of law, and to recommend an order to be rendered
in a case. Id. Any party may appeal the associate judge's report to the referring court
by timely filing a notice of appeal containing the findings and conclusions to which
the party objects. Id.; In re E.M., 54 S.W.3d 849, 852 (Tex. App.--Corpus Christi
2001, no pet.). A party who files a notice of appeal to the referring court in
compliance with the Family Code is entitled to a de novo hearing before the referring
court. Orr, 989 S.W.2d at 467. "Judicial review by trial de novo is not a traditional
appeal, but a new and independent action characterized by all the attributes of an
original civil action." Id. (citing Key W. Life Ins. Co. v. State Bd. of Ins., 163 Tex. 11,
350 S.W.2d 839, 846 (Tex. 1961)).

 Section 201.015 of the Texas Family Code covers de novo hearings before a
referring court. Tex. Fam. Code Ann. § 201.015 (Vernon 2008). For suits affecting
the parent-child relationship filed before September 1, 2007, the statute provided,

(a) A party may appeal an associate judge's report by filing notice of
appeal not later than the third day after the date the party receives notice
of the substance of the associate judge's report as provided by Section
201.011. 


(b) An appeal to the referring court must be in writing specifying the
findings and conclusions of the associate judge to which the party
objects. The appeal is limited to the specified findings and conclusions.


Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 201.015(a),(b), 1995 Tex. Gen.
Laws 241 (amended 2007) (current version at Tex. Fam. Code Ann. § 201.015(a),(b)
(Vernon 2008)). 

 Here, the version of section 201.015 for suits affecting the parent-child
relationship filed before September 1, 2007 applies, because this suit affecting the
parent-child relationship was filed February 8, 2006. See Act of May 23, 2007, 80th
Leg., R.S., ch. 1235, § 14, 2007 Tex. Gen. Laws 4154. Woodard filed his notice of
appeal within the time constraints of section 201.015(a). Henry contends that
Woodard's notice of appeal to the trial court was late "because appellant listed his
objections to the orders of the Associate Judge as opposed to the findings and
conclusions." Although Woodard uses the word "objects" in his notice of appeal
when addressing the associate judge's findings and conclusions, he identifies the
findings and conclusions clearly enough to entitle him to a hearing de novo on those
issues. Chacon v. Chacon, 222 S.W.3d 909, 913 (Tex. App.--El Paso 2007, no pet.) (1)
(Section 201.015(b) "is intended to limit the appealing party's ability to raise issues
he has not specifically appealed in the de novo hearing," and "[i]s not a limit on the
referring court's jurisdiction."). Because Woodard filed a notice of appeal in
compliance with the Texas Family Code, he is entitled to a de novo hearing. Orr, 989
S.W.2d at 467. Therefore, we sustain Woodard's first issue and consequently do not
reach Woodard's third issue concerning sufficiency of evidence. 

Conclusion

 We sustain Woodard's first issue, reverse the denial of his appeal, and remand
the case to the referring trial court to hold a hearing de novo. 


 

 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.
1. As in the instant matter, the pre-September 1, 2007 version of section 201.015(b) was
at issue in Chacon. Chacon v. Chacon, 222 S.W.3d 909, 912 (Tex. App.--El Paso
2007, no pet.).