Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-11-00741-CV

**IN THE INTEREST OF A.B.**, N.B., G.B., M.B., G.B., C.B., and C.B., Children

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 1993-CI-00355
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  June 13, 2012

AFFIRMED

Appellant, the father of seven children, appeals the district court's finding and confirmation of his child support arrearages in the amount of $29,209.92. We affirm.

## BACKGROUND

On May 4, 1994, appellant was ordered to pay monthly child support for the benefit of six of his seven children. In 2002, appellant and the children began receiving disability benefits from the Social Security Administration (the "SSA") based on appellant's disability. However, appellant never sought modification of his monthly child support obligation.

On November 29, 2010, the Office of the Attorney General (the "OAG") filed both a suit to modify appellant's child support obligation and a motion to confirm his child support

arrearages. The OAG alleged appellant owed $30,730.65 in child support arrearages and requested the court find and confirm this amount. After the associate judge found that appellant owed $29,209.00 in child support arrearages, appellant requested a trial *de novo* hearing with the district court.

The district court held a hearing on July 15, 2011. The OAG, appellant, and the custodial parent of the children participated in this hearing. Appellant requested the district court order credits and offsets against his child support arrearages. He contended that his former wife, the custodial parent of the children, received direct benefit payments from the SSA on behalf of the children at the same time she received a portion of his Social Security disability benefits through wage withholding facilitated by the OAG. Appellant claimed he did not receive credit for the direct benefit payments his former wife received on behalf of the children. The OAG countered that appellant failed to seek modification of his child support obligation which would have allowed him to receive credit for the direct benefit payments. The OAG further argued that the Texas Family Code does not authorize a retroactive modification of appellant's child support arrearages. At the end of the hearing, the district court found and confirmed appellant owed $29,209.02 in child support arrearages.

## TRIAL *DE NOVO*

In his first issue on appeal, appellant asserts the district court erred by failing to provide him a *de novo* hearing after his appeal of the associate judge's recommendation. Appellant contends the hearing before the district court was only a confirmation of the associate judge's recommendation because the OAG was allowed to introduce portions of the record from that hearing and recite the actions of the associate judge. The OAG, however, counters that appellant

did not preserve this complaint because he failed to timely object to the introduction of the record of the hearing before the associate judge.

Any issues appealed from an associate judge's ruling are heard *de novo* before a district court. TEX. FAM. CODE ANN. § 201.015(c) (West Supp. 2010); *In re N.T.*, 335 S.W.3d 660, 669 (Tex. App.—El Paso 2011, no pet.). A trial *de novo* is a new and independent action on those issues raised. *In re N.T.*, 335 S.W.3d at 669; *Chacon v. Chacon*, 222 S.W.3d 909, 914 (Tex. App.—El Paso 2007, no pet.). As a result, the party with the burden of proof, having prevailed before the associate judge, must still carry the burden in a *de novo* hearing before the district court. *In re N.T.*, 335 S.W.3d at 669; *Attorney Gen. of Tex. v. Orr*, 989 S.W.2d 464, 467 (Tex. App.—Austin 1999, no pet.). In general, the district court's judgment must be based only on the evidence presented at the *de novo* hearing. *In re N.T.*, 335 S.W.3d at 669; *Orr*, 989 S.W.2d at 468 n.2. However, the Family Code allows the district court to consider the record from the hearing before the associate judge. TEX. FAM. CODE § 201.015(c); *In re N.T.*, 335 S.W.3d at 669.

Here, the district court held a hearing on appellant's requested trial *de novo*, and all parties appeared. The OAG offered to the district court the following portions of the record from the hearing before the associate judge: the underlying pleading; documents from appellant's divorce; appellant's child support pay records; and the associate judge's ruling. Appellant did not object to introduction of these documents. After reviewing the documents, the district court listened to the legal arguments of both parties. The district court also allowed appellant's testimony.

In order to preserve a complaint for appellate review, the complaint must be made by a timely request, objection, or motion and with sufficient specificity to notify the district court of the complaint and obtain an adverse ruling. TEX. R. APP. P. 33.1(a). If not done, the

complained-of error is waived on appeal. *In re N.T.*, 335 S.W.3d at 669. In this case, appellant did not object to the district court's review of the record of the associate judge's hearing nor to the failure, if any, of the district court to conduct a hearing *de novo*. As such, appellant cannot complain for the first time on appeal that the district court's conduct was improper. *See In re N.T.*, 335 S.W.3d at 669; *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982); *In re K.C.B.*, 280 S.W.3d 888, 893 (Tex. App.—Amarillo 2009, pet. denied). Therefore, appellant's first issue is overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue on appeal, appellant complains he received ineffective assistance of counsel. Generally, the doctrine of ineffective assistance of counsel is limited to criminal cases. *See Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 343–44 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Except in limited circumstances, the Sixth Amendment right to effective counsel does not extend to civil cases. *See Green v. Kaposta*, 152 S.W.3d 839, 844 (Tex. App.—Dallas 2005, no pet.); *Cherqui*, 116 S.W.3d at 343–44. Civil cases in which the right to effective assistance of counsel has been found to apply involve the termination of an individual's parental rights or the deprivation of a liberty. *See In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (holding there is a right to effective assistance of counsel in parental-rights termination proceedings); *Lanett v. State*, 750 S.W.2d 302, 306 (Tex. App.—Dallas 1988, writ denied) (holding that the subject of an involuntary commitment proceeding has the right to effective assistance of counsel). Here, appellant's case is not included within any of the limited exceptions to the general rule regarding effective assistance of counsel in civil cases. Accordingly, we conclude appellant's claim regarding ineffective assistance of counsel is without merit.

**CONCLUSION**

We overrule appellant's issues on appeal and affirm the judgment of the district court.


Sandee Bryan Marion, Justice