**Opinion filed August 23, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-12-00036-CV
_____

## TRACY LOVELACE NIEMANN, Appellant

## V.

## RICKY LYNN NIEMANN, Appellee

**On Appeal from the 22nd District Court**

**Hays County, Texas**

**Trial Court Cause No. 10-1623**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a final decree of divorce signed by the district court on September 28, 2011. Appellant, Tracy Lovelace Niemann, has filed a brief in this court requesting that the decree be reversed and vacated and that the cause be remanded to the district court for a de novo hearing. Appellee, Ricky Lynn Niemann, has filed in this court a "Notice of Non-Opposition for Remand to the Trial Court for New Trial" in which he sets out the undisputed procedural facts and states: "In light of the facts state[d] above, Appellee is unopposed to this cause being remanded to the trial court for new trial." The record supports the

parties' assertions that appellant properly and timely requested a de novo hearing and that the district court failed to conduct a de novo hearing as required by Section 201.015(f) of the Family Code. *See* TEX. FAM. CODE ANN. § 201.015 (West Supp. 2012). The requirement that the referring court hold a de novo hearing is mandatory, and harm is presumed when a de novo hearing is not held. *Att'y Gen. of Tex. v. Orr*, 989 S.W.2d 464, 468–69 (Tex. App.—Austin 1999, no pet.). In light of the record, the controlling law, and appellee's "non-opposition," we reverse and remand.

The judgment of the district court is reversed, and this cause is remanded to that court for further proceedings.

PER CURIAM

August 23, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

2