Opinion filed August 23,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00036-CV

                                                    __________

 

                         TRACY
LOVELACE NIEMANN, Appellant

 

                                                             V.

 

                                RICKY
LYNN NIEMANN, Appellee



 

                                   On
Appeal from the 22nd District Court

 

                                                             Hays
County, Texas

 

                                                    Trial
Court Cause No. 10-1623

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
is an appeal from a final decree of divorce signed by the district court on
September 28, 2011.  Appellant, Tracy Lovelace Niemann, has filed a brief
in this court requesting that the decree be reversed and vacated and that the
cause be remanded to the district court for a de novo hearing.  Appellee, Ricky
Lynn Niemann, has filed in this court a “Notice of Non-Opposition for Remand to
the Trial Court for New Trial” in which he sets out the undisputed procedural
facts and states: “In light of the facts state[d] above, Appellee is unopposed
to this cause being remanded to the trial court for new trial.”  The record
supports the parties’ assertions that appellant properly and timely requested a
de novo hearing and that the district court failed to conduct a de novo hearing
as required by Section 201.015(f) of the Family Code.  See Tex. Fam. Code Ann. § 201.015 (West Supp.
2012).  The requirement that the referring court hold a de novo hearing is
mandatory, and harm is presumed when a de novo hearing is not held.  Att’y
Gen. of Tex. v. Orr, 989 S.W.2d 464, 468–69 (Tex. App.—Austin 1999, no pet.).
 In light of the record, the controlling law, and appellee’s “non-opposition,”
we reverse and remand.

The
judgment of the district court is reversed, and this cause is remanded to that court
for further proceedings.

 

                                                                                                PER
CURIAM

 

August 23, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.