**Writ of Mandamus Conditionally Granted;  Opinion Filed April 7, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00024-CV

### IN RE DERRICK YOUNG, Relator

**Original Proceeding from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-08-18771**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Brown
Opinion by Justice Lang

This petition for writ of mandamus arises in the context of a suit affecting the parent-child relationship.  Real parties in interest contend that relator, who is the presumed father of the child, is not the biological father of the child.  The trial court granted the request of one of the real parties in interest for genetic testing to determine the child's parentage after the expiration of the four-year statute of limitations for such testing.  Because we determine the trial court abused its discretion and there is no adequate remedy by appeal, we conditionally grant a writ of mandamus.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Relator, Derrick Young, was divorced from Yolanda Roddy, one of the real parties in interest, on June 20, 2011.  At the time of their divorce, Young and Roddy were the parents of two children.  The divorce decree named Young and Roddy joint managing conservators of both children with Young awarded the right to determine the children's primary residence without

regard to geographic location.  It is the younger of the two children, D.C.Y., who was seven years old at the time of the hearing before the trial court, who is the subject of this proceeding.[1] D.C.Y. was born while Young and Roddy were married and before the date alleged as the date of separation in Roddy's petition for divorce.

On July 9, 2013, Young filed a petition for permanent injunction requesting that Roddy be restrained from allowing the other real party in interest, Diron Thompson, from claiming paternity of and from conducting genetic testing on D.C.Y.  On March 26, 2014, Thompson filed a petition to adjudicate the parentage of D.C.Y.  Thompson stated in his petition that D.C.Y. had a presumed father, Young, who "was married to the mother when [D.C.Y. was] born or conceived or during the first two years of [D.C.Y.'s life, Young] continuously lived with [D.C.Y.] and represented to others that [D.C.Y. was] his own," and that it had been more than four years since D.C.Y. was born.  He further stated that Young had sexual intercourse in Texas and D.C.Y. may have been conceived by the act of intercourse.  Thompson sought by his petition to establish a parent-child relationship with D.C.Y., sought to exclude Young as the father of D.C.Y., and requested to be named sole managing conservator of D.C.Y.[2]  He also requested that biological testing be ordered by the court.

Thompson's request for genetic testing was referred to the associate judge.  Following a hearing on September 16, 2014, the associate judge signed a report ordering that testing go forward.  Although Thompson represents evidence was taken at that hearing, he has advised the Court no record was made of the hearing.  Young requested a de novo hearing before the trial court, which occurred on December 18, 2014.  A reporter's record was made of that hearing and is included in the mandamus record.  At the de novo hearing, following the conclusion of

---

[1] Paternity of the older child is not contested.

[2] Thompson subsequently amended his petition to request joint managing conservatorship with Roddy.

Young's presentation of his case in chief, just before Roddy began her case in chief, the trial judge announced, "I don't need to hear from [Roddy]. The Associate Judge's ruling is affirmed. Okay. She [Young's counsel] didn't establish what she needed to establish." The trial court's order reflecting the ruling is dated January 5, 2015.

## II. PRESUMPTION OF PATERNITY AND ADJUDICATION OF PARENTAGE

A man married to the mother of a child born during the marriage is presumed to be the father of the child. TEX. FAM. CODE ANN. § 160.204(a) (West 2014). When unrebutted, this presumption establishes the parent-child relationship between the child and the man presumed to be the father. TEX. FAM. CODE ANN. §160.201(b)(1) (West 2014). A man who is a "presumed father" is recognized as the father of the child "until that status is rebutted or confirmed in a judicial proceeding." TEX. FAM. CODE ANN. § 160.102(13) (West 2014). Accordingly, Young is the presumed father of the child.

A presumption of paternity may be rebutted only by a proceeding to adjudicate parentage under Subchapter G of the family code or the filing of a valid denial of paternity by the presumed father in conjunction with the filing by another person of a valid acknowledgment of paternity. TEX. FAM. CODE ANN. § 160.204(b). A proceeding to adjudicate paternity must generally be commenced before the child's fourth birthday. TEX. FAM. CODE ANN. § 160.607(a) (West 2014). However, a proceeding seeking to adjudicate the parentage of a child having a presumed father may be maintained at any time if the court "determines that the presumed father and the mother of the child did not live together or engage in sexual intercourse with each other during the probable time of conception." TEX. FAM. CODE ANN. § 160.607(b)(1).

When a party to a proceeding to determine parentage requests genetic testing, the trial court "shall order a child and other designated individuals to submit to genetic testing" except as otherwise provided in the family code. TEX. FAM. CODE ANN. § 160.502(a) (West 2014). A

–3–

party must be entitled to maintain a proceeding to adjudicate parentage as set out in the family code before a trial court can order genetic testing. *In re Rodriguez*, 248 S.W.3d 444, 450–51. (Tex. App.—Dallas 2008, orig. proceeding). "A trial court cannot grant an order for genetic testing when requested by an individual who has not made a prima facie showing that he is entitled to bring a proceeding to adjudicate parentage or disprove the father-child relationship." *Id.* at 451. For that reason, "a court cannot order genetic testing if the proceeding to adjudicate parentage is barred as a matter of law by the four-year limitations period and the party requesting the testing produces no evidence of the exception found in section 160.607(b)." *Id.* A trial court abuses its discretion in ordering genetic testing when it orders genetic testing without evidence to overcome the bar of limitations. *Id.*

The party seeking to avoid the four-year statute of limitations bears the burden of proving the existence of facts that would establish an exception to the limitations period. *Id.* The child in this case was over four years old at the time Thompson's petition to adjudicate parentage was filed and was born during the mother's marriage to Young. Accordingly, Thompson was barred from bringing a proceeding to adjudicate parentage unless he established the existence of an exception to the four-year limitations period. Thompson contends that the record before the associate judge conclusively established via Roddy's testimony that she was not cohabiting with Young or engaging in intercourse with Young at the presumptive time of D.C.Y.'s conception and that this Court should not substitute its judgment for that of the judgment of the associate judge. However, the recommendation of the associate judge with regard to genetic testing was appealed to the trial court, so it is the trial court's order that is the concern of this Court.[3] A trial court's review of an associate judge's order is de novo, TEX. FAM. CODE ANN. § 201.015 (West

---

[3] "The effect of taking even a limited appeal [of an associate judge's recommendation] is to begin again as to the issues appealed." *Attorney Gen. of Tex. v. Orr*, 989 S.W.2d 464, 468 n.2 (Tex. App.—Austin 1999, no pet.)

2014), but in conducting a de novo appeal, a trial court may "consider the record from the hearing before the associate judge." TEX. FAM. CODE ANN. § 201.015(c). "[T]he party with the burden of proof, having prevailed before the associate judge, must still carry her burden in a *de novo* hearing before the referring court." *In re N.T.*, 335 S.W.3d 660, 669 (Tex. App.—El Paso 2011, no pet.). In this case, however, Thompson has advised the Court no reporter's record or record of any kind was made of the hearing before the associate judge. The associate judge's recommendation does not include any factual findings. Thus, the only evidence before the trial court at the time it adopted the associate judge's recommendation was the evidence adduced at the hearing before the trial court.

Thompson did not produce evidence during the de novo hearing in the trial court that would allow genetic testing to proceed. In the trial court, Thompson testified that he was not aware that he was actually the father of D.C.Y. until he participated in extra-judicial genetic testing in 2011, roughly four months prior to the date the divorce decree was signed. However, he has shown us no statutory or case law authority holding his lack of earlier knowledge of his probable paternity is a statutory basis for overcoming the four-year limitations period on proceedings to adjudicate parentage. Further, there was no testimony at the hearing before the trial court concerning the only relevant issue: whether Young and Roddy were cohabiting or engaging in intercourse with each other during the probable time of conception. Because it was Thompson's burden to establish a record supporting genetic testing and he did not do so, the trial court abused its discretion in ordering genetic testing. *In re Rodriguez*, 248 S.W.3d at 454 (order requiring genetic testing in contravention of the time limitations for an adjudication of parentage set forth in section 160.607 constitutes an abuse of discretion).

### III. ADEQUACY OF APPELLATE REMEDY

An appeal is inadequate when the parties are in danger of permanently losing substantial rights. *In re Van Waters & Rogers, Inc.,* 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding). Such a danger arises when, among other things, the appellate court would not be able to cure the error made by the trial court. *Id.* Improperly ordered genetic testing presents such a danger. As this Court has explained:

> The purpose of the time limitation for bringing a proceeding to determine parentage when a child has a presumed father is to protect the family unit. Once genetic testing is conducted and the results released for use in a proceeding to determine parentage, any harm resulting cannot be undone. The harm respecting erroneously ordered genetic testing is one for which there is no adequate remedy at law and mandamus relief is appropriate.

*Id.* (citations omitted).

### IV. CONCLUSION

Because the trial court abused its discretion in ordering genetic testing in contravention of the statute of limitations and that abuse of discretion cannot be adequately remedied on appeal, we conditionally grant relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to comply with the order issued concurrently with this opinion.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

150024F.P05