

# Fourth Court of Appeals
## San Antonio, Texas

July 28, 2017

No. 04-17-00175-CV

**IN THE INTEREST OF C.O.**,

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2015PA01646
Honorable Richard Garcia, Judge Presiding

# O R D E R

This is an attempted appeal from an order terminating appellant's (Father's) parental rights. On March 20, 2017, the trial court signed an Associate Judge's Report, terminating Father's parental rights to his children. On March 23, 2017, Father filed a request for a de novo hearing to the referring court; that same day, Father also filed a notice of appeal.

A de novo hearing was held on March 31, 2017. At the de novo hearing, Father announced not ready, and the Department of Family and Protective Services ("the Department") argued Father's filing of a notice of appeal waived his right to the de novo hearing. The trial court took judicial notice that both a timely request for a de novo hearing and a notice of appeal to this court had been filed. The trial court then announced it would be awaiting further instruction from this court before conducting the de novo hearing.

Under section 201.015(a) of the Texas Family Code ("the Code"), a party may request a de novo hearing before the referring court. TEX. FAM. CODE ANN. § 201.015(a)(1) (West Supp. 2016). This request must be filed "not later than the third working day after the party receives notice of the substance of the Associate Judge's Report as provided by Section 201.011." *Id.*

When a party makes a proper and timely request for a de novo hearing to the referring court, the referring court must hold a de novo hearing. *Id.* § 201.015; *In the Interest of C.R.-A.A.*, No. 04-16-00587-CV, 2016 WL 6238237 (Tex. App.—San Antonio Oct. 26, 2016, no pet.) (per curiam) (mem. op.) (citing *Attorney General of Tex. v. Orr*, 989 S.W.2d 464, 469 (Tex. App.–Dallas 1999, no pet.)). Here, the Associates Judge's Report was signed on March 20, 2017. It is undisputed that appellant's request for a de novo hearing was timely filed on March 23, 2017 – within three (3) days of the Associate Judge's Report. *See* TEX. FAM. CODE ANN. § 201.015(a)(1). The parties dispute, however, whether Father waived his right to a de novo hearing by simultaneously filing a notice of appeal in the trial court the same day he filed his request for a de novo hearing.

As indicated above, the Code provides that after a timely request for a de novo hearing is filed, the referring court "shall hold a de novo hearing." *See id.* § 201.015(f). The statutory requirement that the referring court "shall hold a hearing" is mandatory, and the failure to hold such a hearing is presumed harmful. *Orr*, 989 S.W.2d at 469. We also note the record reflects that Father never withdrew his request for a de novo hearing, and Father explained that he filed his notice of appeal in an interest of caution – not as a waiver to his right to a de novo hearing.

Because it is undisputed appellant timely filed a request for a de novo hearing and there is no indication in the record before us that Father waived his right to a de novo hearing, appellant's notice of appeal is premature as there is no final judgment in this cause from which to appeal. *See C.R.-A.A.*, 2016 WL 6238327, at *1 ("[A]n associate judge's recommendation is not a final, appealable order when a request for a de novo hearing is timely filed."); *see also Balachandrachari v. Tang*, No. 05-15-00889-CV, 2016 WL 3971323 (Tex. App.—Dallas July 22, 2016, no pet.) (mem. op.) (stating Associate Judge's Report not final because appellant timely filed de novo appeal of report).

We therefore ORDER this appeal ABATED to the referring court. We further ORDER the referring court to provide written notice of the date the de novo hearing is scheduled to take place, which shall be no later than thirty (30) days from the date of this order.

It is so ORDERED on this 28th day of July, 2017.

PER CURIAM

ATTESTED TO: _____
           Luz Estrada
           Chief Deputy Clerk

