

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00060-CV

_____

**IN THE INTEREST OF N.V. AND E.E., JR., CHILDREN**

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2015-515,107; Honorable Les Hatch, Presiding

June 29, 2018

## OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

This appeal concerns the bounds of a *de novo* hearing before a referring court, pursuant to section 201.015(f) of the Texas Family Code, in the context of an involuntary termination proceeding originally heard by an associate judge. *See* TEX. FAM. CODE ANN. § 201.015(f) (West Supp. 2017) (providing that a referring court "shall hold a de novo hearing not later than the 30th day after the date on which the initial request for a de novo

hearing was filed with the clerk of the referring court."[1]  Appellant, C.L., appeals from the trial court's order terminating her parental rights to her two children, N.V. and E.E., Jr.[2]  By a sole issue, she maintains the trial court erroneously denied her a *de novo* hearing because it did not require the Texas Department of Family and Protective Services to meet its burden of proving the statutory grounds for termination required by section 161.001(b)(1) and (b)(2).  § 161.001(b)(1), (b)(2).  Because we find the referring court did conduct a section 201.015(f) *de novo* hearing, as required by law, we affirm.

BACKGROUND

C.L. suffers from several mental health issues and experiences seizures and memory loss.  As a child, she was subjected to abuse and spent most of her life in foster care.  She has a daughter, N.V., and a younger son, E.E., Jr.  The Department has been involved in numerous investigations in which it determined there was reason to believe that C.L. had abused N.V.

In August 2014, C.L. was at a laundromat when N.V. fell and hit her head on a table used for folding laundry.  Concerned with the head injury, C.L. took N.V. to the hospital.  During N.V.'s examination, hospital staff noticed red marks and bruises on certain areas of N.V.'s body.  Because of this incident, the Department opened an investigation that resulted in a non-emergency removal of both children from the home. The children were placed with relatives and personal friends and eventually, in foster

---

[1] All further references to "§" or "section" are to the Texas Family Code unless otherwise designated.

[2] To protect the privacy of the parties involved, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2017).  *See also* TEX. R. APP. P. 9.8(b).

care.   In March of 2015, the Department initiated termination proceedings.   C.L. subsequently admitted she had inappropriately disciplined N.V. with a belt and she was convicted of injury to a child.[3]  Her punishment was assessed at ten years confinement in the Texas Department of Criminal Justice, suspended in favor of seven years of community supervision.

After a very lengthy bench trial before an associate judge, numerous witnesses, including C.L., testified concerning the allegations contained in the Department's termination petition.  Based on the evidence presented, the associate judge found clear and convincing evidence to terminate C.L.'s parental rights to both of her children based on section 161.001(b)(1)(D) (allowing a child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child), (E) (engaging in conduct of placing a child with persons who engage in conduct which endangers the physical or emotional well-being of the child), (L) (being criminally responsible for serious injury of a child that would constitute the criminal offense of injury to a child), and on (b)(2) (best interests). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (L), (b)(2) (West Supp. 2017).

C.L. properly requested a section 201.015(f) *de novo* hearing before the referring court.  *See* § 201.2042 (West 2014).  In her written request, she specifically challenged each ground on which her parental rights were terminated, as well as the associate judge's best interest finding.

---

[3] *See* TEXAS PENAL CODE ANN. § 22.04 (West Supp. 2017).

During the section 201.015(f) *de novo* hearing, over C.L.'s objection, the trial court announced that it would be considering the record from the previous hearing before the associate judge. Based on that announcement, the Department rested its case without presenting any new evidence. C.L. then presented numerous witnesses challenging the termination order. Specifically, she provided testimony from several mental health providers regarding her mental health issues and her treatment goals. She also provided witnesses who testified positively regarding her stable living arrangement, her employment status, and the various services she was working. C.L. also testified about her services, counseling, and employment status. At the conclusion of the hearing, based on all the evidence presented, the trial court entered a final order terminating C.L.'s parental rights to both of her children.

On appeal to this court, C.L. does not directly challenge the sufficiency of the evidence to support any of the grounds for termination or the trial court's best interest finding—instead, she challenges the procedure employed by the referring court in considering the evidence presented before the associate judge in the original hearing. Thus, our analysis is limited to C.L.'s issue that she was denied a proper section 201.015(f) *de novo* hearing and that the Department failed to meet its burden of proof to support the termination of her parental rights.

STANDARD OF REVIEW

The natural right existing between parents and their children is of constitutional dimension. *See Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982). *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings are strictly construed in favor of the parent. *In the Interest of*

4

*E.R.*, 385 S.W.3d 552, 563 (Tex. 2012). Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those rights. *In the Interest of C.H.*, 89 S.W.3d 17, 26 (Tex. 2002). The Due Process Clause of the United States Constitution and section 161.001 of the Texas Family Code require application of the heightened standard of clear and convincing evidence in cases involving involuntary termination of parental rights. *See In the Interest of E.N.C.*, 384 S.W.3d 796, 802 (Tex. 2012); *In the Interest of J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002).

ANALYSIS

Generally, a trial *de novo* is defined as "[a] new trial on the entire case . . . conducted as if there had been no trial in the first instance." *Willacy Cty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, No. 16-0626, 2018 Tex. LEXIS 351, at *41 (Tex. 2018) (relying on a definition from BLACK'S LAW DICTIONARY (10th ed. 2014)). However, contrary to this definition, in cases involving termination of parental rights, section 201.015(c) statutorily dictates that in a section 201.015(f) *de novo* hearing, the "referring court *may also consider the record from the hearing before the associate judge . . . .*" This statutory distinction is significant because, as explained hereinbelow, that has not always been the case.

Relying on *Attorney General v. Orr*, 989 S.W.2d 464, 467 (Tex. App.—Austin 1999, no pet.), C.L. argues the trial court failed to treat her hearing as a new and independent action by excusing the Department from the requirement of meeting its burden of proof. In this case, at the commencement of the hearing, the trial court, relying on section 201.015(c), reminded the parties that it intended to rely on the transcript from the hearing

5

before the associate judge. The trial court also referenced a case pending in this court at that time involving the identical issue of whether the parent had been denied a proper section 201.015(f) *de novo* hearing of a termination order, based on section 201.015(c). *See In the Interest of X.H.*, No. 07-16-00410-CV, 2017 Tex. App. LEXIS 3993, at *2 (Tex. App.—Amarillo May 2, 2017, pet. denied) (mem. op.) (rejecting the appellant's argument that she had been denied a proper section 201.015(f) *de novo* review). C.L.'s counsel objected to proceeding in that fashion and requested that the Department be required to present its evidence from the beginning of the case. The trial court denied the request.

*In Orr*, a *de novo* hearing was held on a child support issue. *Orr*, 989 S.W.2d at 466. The court noted that a trial *de novo* is not a traditional appeal, "but a new and independent action characterized by all the attributes of an original civil action." *Id.* at 467. If the party with the burden of proof before the associate judge prevailed, that party was still required to carry its burden of proof in a *de novo* hearing before the referring court. *Id.* The filing of a notice of appeal to the referring court cut off the earlier proceedings and the referring court could not rely on what had occurred before the associate judge. *Id.* at 467-468.

As the Department points out, C.L.'s reliance on *Orr* is misplaced. *Orr* was decided prior to the effective date of the 1999 amendment to section 201.015(c) which added the statutory provision that "[t]he [referring] court may also consider the record from the hearing before the associate judge, including the charge to and verdict returned by a jury, if the record was taken by a court reporter." *See* Act of May 17, 1999, 76th Leg., R.S., ch. 1302, § 10, 1999 Tex. Gen. Laws 4448, 4450. Therefore, since the 1999 amendment, a referring court has been statutorily authorized to also consider the record from the

6

hearing before the associate judge in determining whether the Department met its burden of proof. *See* § 201.015(c).

C.L.'s argument would merit consideration but for the changes made by the Legislature to the statute. In 1987, former section 54.012(e) of the Family Code provided simply as follows: "[o]n appeal to the referring court, the parties may present witnesses as in a hearing de novo on the issues raised in the appeal." *See* Act of June 1, 1987, 70th Leg., R.S., ch. 674, § 3.02, 1987 Tex. Gen. Laws 2507, 2520. When the Family Code was recodified in 1995, section 54.012(e) was renumbered as section 201.015(c); the language, however, remained the same. *See* Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 241. The decision in *Orr* was handed down based on the statute as it existed in 1995, which contained the same language as in 1987 when there was no provision for consideration by the referring court of the record from the preceding trial before the associate judge.

As previously noted, in 1999, the Legislature amended section 201.015(c) to add that the referring court "may also consider the record from the hearing before the associate judge." *See* Act of May 17, 1999, 76th Leg., R.S., ch. 1302, § 10, 1999 Tex. Gen. Laws 4448, 4450. Section 201.015(c) was again amended in 2007 to add and delete certain words and phrases not relevant to the issue before us. *See* Act of May 23, 2007, 80th Leg., R.S., ch. 1235, § 7, 2007 Tex. Gen. Laws 4150, 4152. Finally, in 2009, section 201.015(c) was again amended to delete the phrase "if the record was taken by a court reporter." *See* Act of May 28, 2009, 81st Leg., R.S., ch. 767, § 25, 2009 Tex. Gen. Laws 1938, 1945. Accordingly, the statute in effect at the time of C.L.'s section 201.015(f) *de novo* hearing, which is the statute currently in effect, provides as follows:

7

[i]n the de novo hearing before the referring court, the parties may present witnesses on the issues specified in the request for hearing. The referring court may also consider the record from the hearing before the associate judge.

This court has upheld a referring court's termination order even when the Department did not present any new evidence at the section 201.015(f) *de novo* hearing and the referring court relied on testimony from the hearing before the associate judge. *See In the Interest of N.M.*, No. 07-16-00439-CV, 2017 Tex. App. LEXIS 4219, at *3 (Tex. App.—Amarillo May 9, 2017, pet. denied) (mem. op.); *In the Interest of X.H.*, 2017 Tex. App. LEXIS 3993, at *2. *See also In the Interest of N.T.*, 335 S.W.3d 660, 669 (Tex. App.—El Paso 2011, no pet.) (noting that in a section 201.015(f) *de novo* review, the Family Code allows the referring court to consider the record from the hearing before the associate judge); *In re R.R.*, 537 S.W.3d 621, 624 (Tex. App.—Austin 2017, no pet.) (noting that occasionally, parties do not call witnesses to testify at the section 201.015(f) *de novo* hearing and the referring court relies only on the evidence produced in the hearing before the associate judge).

Section 201.015(c) provides that parties *may* present witnesses and the referring court *may* also consider the record from the hearing before the associate judge. (Emphasis added). In both instances, the provision is conditional—a party *may* but is not required to present witnesses, and the referring court *may* but is not required to consider the record from the hearing before the associate judge. In other words, "section 201.015 does not require the Department, at a de novo hearing, to reproduce evidence it previously produced at the underlying hearing or produce additional evidence" if the trial court is willing to consider the record from the hearing before the associate judge. *In re*

8

*C.O.*, No. 04-17-00175-CV, 2018 Tex. App. LEXIS 2551, at *8-9 (Tex. App.—San Antonio April 11, 2018, no pet.) (mem. op.) (noting that section 201.015(c) does give a party the option to present witnesses should the party decide to do so). Therefore, in the case before us, the trial court did not err in deciding to consider the record from the hearing before the associate judge.

C.L. also relies on *Godwin v. Aldine Indep. Sch. Dist.*, 961 S.W.2d 219, 221 (Tex. App.—Houston [1st Dist.] 1997, pet. denied),[4] relied on by *Orr*, for the proposition that the Department still had to carry its burden of proof at the section 201.015(f) *de novo* hearing. She argues the Department's decision not to present any new evidence effectively shifted the burden of proof to her to prove why her parental rights should not have been terminated. While we disagree with that proposition, we note that *Godwin* involved a *de novo* appeal from a decision on delinquent ad valorem taxes which had nothing to do with a section 201.015(f) *de novo* hearing. Accordingly, we find it inapplicable to the case before us and we conclude that C.L. was not denied a proper section 201.015(f) *de novo* hearing. Her sole issue is overruled.

CONCLUSION

The trial court's order terminating C.L.'s parental rights to N.V. and E.E., Jr. is affirmed.


Patrick A. Pirtle
Justice

---

[4] The original judgment was withdrawn, and a corrected judgment was issued on motion for rehearing.