

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00410-CV
_____

IN THE INTEREST OF X.H., A CHILD

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2015-515,369, Honorable Jim Bob Darnell, Presiding

February 6, 2017

## ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In this appeal, the mother of X.H.[1] challenges the trial court's order terminating her parental rights. Appellee is the Texas Department of Family and Protective Services.

On January 25, 2017, the mother's court-appointed appellate counsel filed an *Anders*[2] brief and a copy of a letter from counsel to the mother. According to the letter,

---

[1] To protect the child's privacy, we will refer to the parent as "the mother" and the child by his initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b).

[2] *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

counsel provided the mother a copy of her brief and the record and notified the mother of her right to file a pro se response to counsel's brief. In her brief, counsel discussed potential appellate issues but concluded no arguable error was shown.

Pursuant to our obligations when appointed counsel files an *Anders* brief, we have reviewed the appellate record brought forward. *See In re P.M.,* No. 15-0171, 2016 Tex. LEXIS 236, at *8, n.10 (Tex. Apr. 1, 2016) (per curiam) (application of *Anders* procedures in parental-rights termination cases, citing *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998)); *In re A.W.T.,* 61 S.W.3d 87, 88-89 (Tex. App.—Amarillo 2001, no pet.) (per curiam) (termination case); *see also In re Schulman,* 252 S.W.3d 403, 407 (Tex. Crim. App. 2008); *Stafford v. State,* 813 S.W.2d 503, 510 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). After doing so, we are not yet satisfied that the appeal is wholly frivolous. *See In re D.A.S.,* 973 S.W.2d at 297 (*Anders* analysis "assists the appellate court in determining whether the appeal is indeed wholly frivolous"); *High*, 573 S.W.2d at 811 ("in the last analysis, it is up to the court, not counsel, 'after a full examination of all proceedings, to decide whether the case is wholly frivolous'") (quoting *Anders*, 386 U.S. at 744); *see also Penson v. Ohio,* 488 U.S. 75, 82, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988) (*Anders* brief serves valuable purpose of assisting court in determining both that counsel has conducted the required detailed review of case and that "appeal is indeed so frivolous that it may be decided without an adversary presentation"). The record reveals a matter, not mentioned in counsel's *Anders* brief, on which we require further briefing.

After the associate judge signed an order terminating her parental rights, the mother requested a de novo hearing before the referring district court. TEX. FAM. CODE

2

ANN. § 201.2042 (West 2014).[3]  When the district court convened its de novo hearing, the proceeding began with the court asking counsel for the Department if she had "additional evidence to present."  Counsel stated she had no additional evidence and requested a ruling based on "the review of the transcript that has been provided to the Court . . . ."  The mother's counsel requested that the Department be required to present its case for termination anew.  Counsel expressed her client's desire that the Department "have to proceed in presenting all the evidence against her to prove to this Court by clear and convincing evidence" that termination was proper.  Counsel continued, "So we would ask that the Department start this hearing by calling its first witness to proceed as if we were starting over."

The court responded:

The Court will deny that request.  The Court has notified the attorneys that the Court would allow any additional evidence or testimony to be presented after--at this point in time because the Court has reviewed the transcripts. And the Court is of the opinion that it's not necessary to hear the evidence over again.

The mother then presented the brief testimony of two witnesses.  Following argument, the court rendered judgment "affirm[ing]" the associate judge's termination of the mother's parental rights.

Counsel has indicated a desire to withdraw from her representation of the mother in this appeal.  Finding good cause, we grant counsel's request; she is relieved of her

---

[3] In her written request for a de novo hearing the mother specified the issues to be presented to the referring court.  *See* TEX. FAM. CODE ANN. § 201.015(b).  She challenged each of the statutory predicate findings for termination made by the associate judge as well as his best interest finding.

3

duties. *See* TEX. FAM. CODE ANN. § 107.016(2) (West 2014);[4] *see also Stafford,* 813 S.W.2d at 511 ("if the Court of Appeals does find that there are arguable grounds, the appellate court must then guarantee appellant's right to counsel by ensuring that *another attorney* is appointed to represent appellant on appeal" (emphasis in original)).

We abate the appeal and remand the cause to the 140th District Court of Lubbock County. On remand, the district court shall appoint new counsel to represent the mother in this appeal. *See In re P.M.,* 2016 Tex. LEXIS 236, at *8 ("An appellate court must ordinarily refer the matter of appointment of replacement counsel to the trial court"). The district court shall cause the name, email and postal addresses, telephone number, and state bar number of the newly-appointed counsel to be included in a supplemental record. The record of that appointment shall be filed with the Clerk of this Court on or before February 17, 2017.

Additionally, the district court shall order the newly-appointed counsel to file an appellant's brief, according to the Texas Rules of Appellate Procedure, addressing the issue whether the mother was denied a proper de novo hearing before the referring district court,[5] and addressing any other arguably meritorious ground counsel sees for

---

[4] Counsel's request that she be allowed to withdraw from her representation of the mother was included in her prayer for relief in the *Anders* brief. She did not file a motion to withdraw. We disapprove of this procedure. Counsel filing an *Anders* brief in a parental rights termination case should file a motion to withdraw, just as in a criminal case. *See In re Schulman,* 252 S.W.3d at 404, 407-08. The court will determine the disposition to be made of the motion to withdraw. As the court noted in *In re P.M.,* 2016 Tex. LEXIS 236, at *8, an "*Anders* motion to withdraw" filed in the court of appeals may be premature. In this case, the motion would not have been premature, and would have been granted.

[5] By way of example only and not as a limitation on counsel's briefing, counsel may want to consider whether authorities such as *AG v. Orr,* 989 S.W.2d 464, 467-468

reversal or modification of the district court's judgment. If counsel contends the court erred in any respect, counsel shall address the subject of harm.

Absent a request for extension from newly-appointed counsel, the mother's brief shall be filed no later than twenty days from the date of newly-appointed counsel's appointment. A response brief may be filed by the Department within twenty days after the filing of the mother's brief.[6]

It is so ordered.

Per Curiam

---

(Tex. App.—Austin 1999, no pet.); *Woodard v. Office of the AG of Tex.,* No. 01-07-00954-CV, 2009 Tex. App. LEXIS 2090, at *5 (Tex. App.—Houston [1st Dist.] Mar. 26, 2009, no pet.) (mem. op.); and 22-360A William V. Dorsaneo III, Larry L. Martin, and Nicholas V. Rothschild, TEXAS LITIGATION GUIDE § 360A.10[4][b] (Lexis 2016) describe the correct de novo hearing procedure before a referring court in a child protection case.

[6] The notice of appeal in this case was filed November 4, 2016. *See In re L.S.,* No. 02-16-00197-CV, 2016 Tex. App. LEXIS 10027, at *1 (Tex. App.—Fort Worth Sept. 8, 2016, no pet.) (mem. op.) (referring to appeals such as this as "ultra-accelerated," citing TEX. R. JUD. ADMIN. 6.2(a) ("In an appeal of a suit for termination of the parent-child relationship . . . appellate courts should, so far as reasonably possible, ensure that the appeal is brought to final disposition" within 180 days after the notice of appeal is filed)). Extensions of time cannot be liberally granted.