**IN RE R. R.**

NO. 03-17-00692-CV

Court of Appeals of Texas, Austin.

Filed: November 17, 2017

Mr. Kory S. Booth, Booth Law, PLLC, 3720 Gattis School Rd, Ste. 800-287, Round Rock, TX 78664-4652, for Relator.

Ms. Shelby Beyer, 150 North Seguin, Suite 307, New Braunfels, TX 78130, for Real Party in Interest.

Before Justices Puryear, Field, and Bourland

## OPINION

David Puryear, Justice

Relator has filed a petition for writ of mandamus complaining of an order signed by the district court stating that it will only review the record from a hearing held before an associate judge, rather than hearing live testimony. *See* Tex. R. App. P. 52; *see also* Tex. Fam. Code §§ 201.015, .2042. Having reviewed the petition, the record, and the response provided by the real party in interest, the Texas Department of Family and Protective Services, we conditionally grant the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(c).

### Factual and Procedural Summary

In February 2017, the Department sought emergency custody over relator's son, "Dustin,"[1] who was about seven months old at the time. The Department alleged that relator brought Dustin to an emergency room because she noticed his leg was swollen and that the doctors determined that the child had fractures in his right femur and left tibia, as well as "numerous other fractures in various stages of healing," including rib fractures and fractures in his shoulder blade and clavicle.

---

1. We have changed the style of the case to refer to relator by her initials, and in this opinion, we will refer to the child by an alias. *See* Tex. R. App. P. 9.8.

The doctors contacted the Department because they suspected physical abuse, and relator gave several possible explanations for the child's injuries, including having his legs caught between the slats of his crib, falling from the bed to the floor, or having his leg caught in a walker. The cause was referred to the associate judge for a hearing on aggravated circumstances, which allows a trial court to waive the requirement of a service plan or to attempt to reunify the family and to accelerate the trial schedule. *See* Tex. Fam. Code § 262.2015(a). The associate judge held a hearing, at which several witnesses testified, and on August 11, she issued an order determining that relator had subjected Dustin to aggravated circumstances, stopping all visitation between relator and her child immediately, and waiving the requirement of a service plan or reasonable reunification efforts. Relator filed a request for a de novo hearing as to (1) the finding of aggravated circumstances, (2) whether relator's expert witness should be allowed to provide expert testimony,[2] (3) whether Dustin should be allowed to travel for medical testing, and (4) whether he should be placed with his maternal grandparents while the cause was pending. The Department objected, arguing among other things that the district court should only consider the transcript from the associate judge's hearing. The district court held a hearing on the issue and signed an order stating that it would limit its consideration to the transcript from the associate judge's hearing. Relator then filed her petition for writ of mandamus.

## Discussion

The family code provides that a trial court may refer to an associate judge "any aspect of a suit over which the court has jurisdiction" under the family code. *Id.* § 201.005. When a matter is referred to an associate judge, the associate judge may conduct a hearing, hear evidence, make findings of fact, and recommend an order to be rendered. *Id.* § 201.007; *see also id.* § 201.204 (addressing powers of associate judge in child-protection case). When an associate judge makes a recommendation or temporary order, any party may request a "de novo hearing before the referring court," specifying the issues that will be presented to the referring court. *Id.* § 201.015(a), (b). In the de novo hearing, which is mandatory when properly requested, "the parties may present witnesses on the issues specified in the request for hearing," and the referring court "may also consider the record from the hearing before the associate judge." *Id.* § 201.015(c).

Relator argues that the district court improperly refused to hold a de novo hearing in which she was permitted to call witnesses to testify, instead confining its review to only the evidence presented before the associate judge. Before the district court and in its response in this proceeding, the Department argues that the district court was not required to "force the State to recall the same witnesses to elicit testimony and face cross-examination" and instead could simply review the record from the hearing before the associate judge and consider the issues raised by relator in light of that evidence alone. We agree with relator that the district court's decision to consider only the transcript from the earlier hearing was an abuse of discretion.

We have explained that a de novo hearing "is a new and independent action

---

2. The associate judge granted the Department's motion to exclude testimony by Dr. Michael Holick, a doctor based in Boston who testified about his credentials and theories via Skype.

on those issues raised" in the request for a hearing. *Attorney General v. Orr*, 989 S.W.2d 464, 467-68 (Tex. App.—Austin 1999, no pet.) (also stating that request for de novo hearing breaks continuity in process begun before associate judge "and begins an entirely new process"); [3] *see In re A.A.T.*, No. 13-16-00269-CV, 2016 WL 8188946, at *2 (Tex. App.—Corpus Christi Aug. 25, 2016, no pet.) (mem. op.) ("judicial review by trial de novo is not a traditional appeal, but a new and independent action characterized by all the attributes of an original civil action, only to the extent of the challenged finding—that is, the effect of the appeal is to begin again only as to the issues appealed"); *In re A.B.*, No. 04-11-00741-CV, 2012 WL 2126887, at *1 (Tex. App.—San Antonio June 13, 2012, no pet.) (mem. op.) ("trial *de novo* is a new and independent action on those issues raised"); *In re N.T.*, 335 S.W.3d 660, 669 (Tex. App.—El Paso 2011, no pet.) (same); *Chacon v. Chacon*, 222 S.W.3d 909, 914 (Tex. App.—El Paso 2007, no pet.) (same); *In re E.M.*, 54 S.W.3d 849, 852 (Tex. App.—Corpus Christi 2001, no pet.) (quoting *Orr*). Because a de novo hearing is a new and independent action, "the party with the burden of proof, having prevailed before the associate judge, must still carry [its] burden in a de novo hearing before the referring court." *In re N.T.*, 335 S.W.3d at 669; *Orr*, 989 S.W.2d at 467.

The statute further provides that in the de novo hearing, the referring court may consider the transcript from the hearing before the associate judge, but also that "the parties *may present witnesses* on the issues specified in the request for hearing." Tex. Fam. Code § 201.015(c) (emphasis added). In our review of cases relating to de novo hearings from determinations by associate judges, we have found no cases in which a referring court was permitted to refuse to allow the parties to present witnesses in the de novo hearing.

In *In re R.S.-T.*, cited by the Department, the referring court seems to have limited some of the testimony at the de novo hearing, stating that "pursuant to standard protocol, testimony contained within the statement of facts would not be repeated during the de novo hearing." 522 S.W.3d 92, 106 (Tex. App.—San Antonio 2017, no pet.). However, several witnesses who testified before the associate judge were recalled to testify in the de novo hearing, both by the Department and by

---

**3.** In *Key Western Life Insurance Co. v. State Board of Insurance*, the supreme court discussed the meaning of the phrase "trial de novo" in the context of the review of an administrative decision. 163 Tex. 11, 350 S.W.2d 839, 846 (1961). The court explained:

> Review by trial de novo has all the attributes of an original action in the reviewing court. The trial court must weigh the evidence by the "preponderance of the evidence" standard. Trial de novo has been defined as "A new trial or retrial had in an appellate court in which the whole case is gone into as if no trial whatever had been had in the court below." Trial de novo is not an "appeal", but is a new and independent action.

*Id.* (citations omitted). This Court cited to that language to describe a de novo hearing under the family code in *Attorney General of Texas v.*

*Orr*, 989 S.W.2d 464, 467 (Tex. App.—Austin 1999, no pet.), and several other courts of appeals have cited *Orr* and its reliance on *Key Western* in their cases involving de novo hearings under the family code. *See, e.g., In re J.L.S.*, No. 04-12-00011-CV, 2012 WL 5354796, at *6 (Tex. App.—San Antonio Oct. 31, 2012, no pet.) (mem. op.); *Woodard v. Office of Att'y Gen.*, No. 01-07-00954-CV, 2009 WL 793764, at *2 (Tex. App.—Houston [1st Dist.] Mar. 26, 2009, no pet.) (mem. op.); *Chacon v. Chacon*, 222 S.W.3d 909, 914 (Tex. App.—El Paso 2007, no pet.); *In re E.M.*, 54 S.W.3d 849, 852 (Tex. App.—Corpus Christi 2001, no pet.); *see also In re K.C.B.*, No. 07-06-00172-CV, 2006 WL 2588712, at *1 (Tex. App.—Amarillo Sept. 8, 2006, no pet.) (mem. op.) (citing *Key Western* for proposition that "de novo review is not an appeal, but an independent action").

the father. *Id.* at 106-08. Further, the extent and propriety of any limitations was not discussed by our sister court, which was asked only whether the trial court had " 'cut off' earlier proceedings and prevented consideration of testimony heard before the associate judge." *Id.* at 108. Our sister court noted that "[g]enerally, when a matter is heard de novo, the trial court is limited to the evidence presented during the de novo hearing" but that the family code also permitted a referring court to consider the record from the earlier hearing, and that the father had not objected to the introduction of the transcript, concluding that section 201.015 gave the referring court "the authority to consider the record of the hearing before the associate judge." *Id.* Thus, *R.S.-T.* is not particularly helpful in our analysis.

Our review reflects that, as a rule, our courts treat the de novo hearing as a new trial, in which the parties are permitted to present witnesses to testify as to the issues raised in the hearing request. *See, e.g., Mayorga v. Mayorga*, No. 03-13-00783-CV, 2015 WL 2214593, at *1-2 (Tex. App.—Austin May 8, 2015, no pet.) (mem. op.); *In re Young*, No. 05-15-00024-CV, 2015 WL 1568835, at *2-3 (Tex. App.—Dallas Apr. 7, 2015, orig. proceeding) (mem. op.); *In re J.L.S.*, No. 04-12-00011-CV, 2012 WL 5354796, at *1 (Tex. App.—San Antonio Oct. 31, 2012, no pet.) (mem.

op.); *In re A.B.*, 2012 WL 2126887, at *1-2. Occasionally, the parties decide not to call witnesses to testify at the de novo hearing, relying on the evidence produced in the hearing before the associate judge alone. *See, e.g., In re N.M.*, No. 07-16-00439-CV, 2017 WL 1908588, at *2 (Tex. App.—Amarillo May 9, 2017, pet. denied) (mem. op.).

■ Under the clear language of section 201.015, the referring court must hold a hearing in which the parties may present witnesses, should they choose to do so.[4] *See* Tex. Fam. Code § 201.015(c). We have found no cases that could support a conclusion that a referring court may bar the parties from calling witnesses at the de novo hearing, and we hold today that a referring court does not have the discretion to do so. *See id.*

### Conclusion

To be sure, the district court was authorized to consider the transcript from the hearing before the associate judge when conducting the de novo hearing. *See id.* However, it was not authorized to bar relator from calling witnesses to testify and, if necessary, from addressing the admissibility of the proffered evidence. The district court abused its discretion in doing so.[5] We therefore conditionally grant rela-

---

4. Currently pending before the Texas Supreme Court is a case asking whether a referring court must hold a "full hearing," including requiring the Department to put on evidence at the de novo hearing rather than allowing it to rely on the transcript from the hearing before the associate judge. *See* Petition for Review, *In re X.H.*, No. 17-0480 (pet. filed June 16, 2017). We note that in its response filed in that case, the Department argues that the referring court "complied with the express language of section 201.015(c) by both *allowing the parties the opportunity to present additional evidence* and by considering the record from the trial before the asso-

ciate judge in determining" the issues presented. Response to Petition for Review at 3, *In re X.H.* (filed Aug. 7, 2017) (emphasis added).

5. The Department further argues that relator has an adequate remedy by appeal from an order finding aggravated circumstances, asserting that it is merely "an incidental, temporary ruling in the overall parental termination proceedings." However, that determination has the effect of relieving the Department from attempting to reunify the family or providing relator with a safety plan, thus stripping relator of the opportunity to work ser-

tor's petition for writ of mandamus. Writ will issue only in the unlikely event that the district court does not act in accordance with this opinion.

vices in an attempt to avoid termination of her parental rights. We cannot hold in this context that relator would have an adequate remedy by appeal. Indeed, in *M.Z. v. Texas Department of Family and Protective Services*, cited by the Department for support in this argument, we stated that any complaints related to the finding of aggravated circumstances were moot and could not be raised on appeal from the termination order. No. 03-13-00858-CV, 2014 WL 2191978, at *6 n.8 (Tex. App.—Austin May 22, 2014, no pet.) (mem. op.).