# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00210-CV

## In re FamilyLink Treatment Services, Inc.

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator FamilyLink Treatment Services, Inc. (FamilyLink) has filed a petition for writ of mandamus, seeking relief from an order signed by the district court on March 9, 2022, which adopted temporary orders signed by an associate judge. Relator contends that the district court abused its discretion by not allowing it to present live witness testimony at the de novo hearing that resulted in the order. Having reviewed the petition and the record provided, we will conditionally grant mandamus relief. *See* Tex. R. App. P. 52.8(a).

## BACKGROUND

The dispute underlying this original proceeding arises from a suit affecting the parent-child relationship filed by real party in interest, the Texas Department of Family Protective Services (the Department), against B.B. (Father).[1] On July 14, 2021, following a bench trial, the trial court signed a Final Decree of Conservatorship.[2] The decree appointed the

---

[1] The Department also sought to terminate the parental rights of the children's mother, who died in April 2020, while the case was pending.

[2] The procedural history in this case is lengthy and is well-known to the parties. We will limit our discussion here to the relevant procedural history and undisputed factual background necessary to decide the issue presented. *See* Tex. R. App. P. 47.1, .4.

Department as the sole managing conservator of the children and appointed Father as possessory conservator. The decree provided that Father would initially have supervised visitation with his children but that once he completed three sessions with a parent coach and had three clean urinalysis drug tests, his visits could be unsupervised. Beginning in September 2021, after three clean drug tests, Father was allowed unsupervised visits.

In November 2021, the Department filed a motion to remove Father as possessory conservator, citing a series of incidences involving the children that the Department viewed as concerning. That same month, the children's foster mother and FamilyLink, a child-placement agency, each filed a petition in intervention, requesting that the court terminate Father's parental rights or, in the alternative, remove him as possessory conservator. Conversely, Father filed a motion for further orders, seeking a monitored return of his children.

On February 14, 2022, an associate judge conducted a hearing on Father's motion at which three witnesses testified—the Department caseworker, the court-appointed special advocate, and Father. At the conclusion of the hearing, the associate judge announced a "step up plan" that, according to the associate judge, would give the parties "a pathway forward." Specifically, the associate judge orally ruled that "absent a recommendation from a child therapist to the contrary," beginning on February 21, 2022, Father could visit the children weekly, for four hours, unsupervised. In addition, the judge announced that Father's visitation hours would increase monthly and that on May 16, 2022, the children would be returned to Father, subject to monitoring by the Department. On February 25, 2022, the associate judge signed temporary orders that incorporated her oral ruling.

FamilyLink timely filed a motion for a de novo hearing before the referring district court, pursuant to Section 201.015 of the Family Code. Prior to the de novo hearing,

FamilyLink filed and served a list of witnesses that it expected to call at the de novo hearing. In response, the district court informed the parties by e-mail that it would consider only the evidence presented to the associate judge and that any new witness testimony would not be permitted.

The de novo hearing was conducted on March 8, 2022. At the hearing, the district court informed the parties that it had reviewed the transcript from the February 14 hearing before the associate judge. The court then summarized the testimony and the associate judge's ruling and, at the conclusion, asked the parties whether they agreed with the summary as presented. In response, FamilyLink's attorney informed the district court that while she did not disagree with the court's summary of the evidence, she did disagree with the court's decision not to allow any evidence at the hearing.[3] In response, the district court stated that it did not believe that it was

---

[3] In relevant part, the following exchange occurred between the district court and counsel for FamilyLink:

    [COUNSEL]: Your Honor—let's see. My disagreement is not really with the evidence that you've summarized and presented; my disagreement is with your interpretation of de novo. I believe that this is a de novo hearing on the issues. I don't think its limited to what was presented in the last case; that would just make it an appeal. . . . So I disagree with your interpretation that we're limited in scope as to the evidence, as to the parties, and to the testimony that was presented in the past. This is a chance for us to do it all again on the issues that were specifically de novoed. But given the limitation that you've presented to us, I am concerned about—my biggest concern is on the rulings regarding the child's statements. . . .

    COURT: There's other mechanisms for that, right? I mean—because, I guess—I understand that you [don't agree] with my interpretation of de novo. But I don't understand how it makes any sense that a de novo hearing would be a whole new matter. That's just a new hearing.

    [COUNSEL]: It's not—you're right. It's a brand new hearing on the same—on the limited issues that were actually de novoed.

required by Section 201.015 to consider additional evidence and that, instead, it would only consider the transcript from the February hearing before the associate judge. At the conclusion of the de novo hearing, the district court adopted the associate judge's temporary orders. FamilyLink then filed its petition for writ of mandamus.

## MANDAMUS STANDARD

A writ of mandamus will issue to correct a clear abuse of a trial court's discretion when the party has no adequate remedy by appeal. *In re Southwestern Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)). When a trial court abuses its discretion in the issuance of temporary orders, mandamus relief may be appropriate because there is no adequate appellate remedy, as temporary orders are not appealable. *See* Tex. Fam. Code § 105.001(e) ("Temporary orders rendered under this section are not subject to interlocutory appeal."). Therefore, whether FamilyLink is entitled to mandamus relief in this case turns on whether the district court abused its discretion by prohibiting FamilyLink from presenting live witnesses at the de novo hearing on the temporary orders.

---

COURT:  But the de novo is based on what the associate judge heard. . . . And I get—we may just disagree. It's just—I don't understand your reasoning of the statute. And I'm looking at the statute, and I think I'm within the statue right now, looking at the matters before [the Associate Court].

[COUNSEL]: And it specifically says that you can hear evidence, and it says that you may consider the transcript, but that you—that's not what you're limited to, Your Honor. That's why we have them.

COURT:  Right. But it also doesn't say that there is a mandate to expand it beyond that either. So I think it could be interpreted either way perhaps. . . .

4

## ANALYSIS

Under the Texas Family Code, a trial court may refer to an associate judge "any aspect of a suit over which the court has jurisdiction" under the family code. Tex. Fam. Code § 201.005. When a matter is referred to an associate judge, the judge may conduct a hearing, hear evidence, make findings of fact, and recommend an order to be rendered. *Id.* § 201.007. When an associate judge makes a recommendation or renders a temporary order, a party "may request a de novo hearing before the referring court." *Id.* § 201.015(a), (b). Unlike a traditional trial de novo, a de novo hearing under Section 201.015, when invoked, is "expedited in time frame and limited in scope." *In re A.M.L.F.*, 593 S.W.3d 271, 279 (Tex. 2019). The party requesting a de novo hearing must specify the issues that will be presented to the reviewing court, and issues not specified need not be reviewed. *Id.* at 280.

As to evidence considered at the hearing, Section 201.015(c) states:

> In the de novo hearing before the referring court, the parties may present witnesses on the issues specified in the request for hearing. The referring court may also consider the record from the hearing before the associate judge, including the charge to and verdict returned by a jury.

*Id.* § 201.015(c) This Court has previously recognized that under the clear language of this provision, the referring court must hold a hearing in which the parties may present witnesses, should they choose to do so. *In re R.R.*, 537 S.W.3d 621, 624 (Tex. App.—Austin 2017, orig. proceeding). Therefore, while a referring court may consider the transcript from the hearing before the associate judge when conducting a de novo hearing, the court is not authorized to bar a party from calling witnesses to testify, and it abuses its discretion when it does so. *Id.*

In its response to the mandamus petition, the Department does not contend that the district court could, within its discretion, prohibit FamilyLink from calling witnesses at the

5

de novo hearing. Instead, the Department contends that FamilyLink failed to preserve the issue because it did not actually attempt to formally call any witnesses. "Due to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act." *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017). Based on the record before us, including the exchange at the de novo hearing between the district court and counsel for FamilyLink, we conclude that it was clear from the context that FamilyLink wished to present witnesses at the de novo hearing, that the district court would not allow or consider any evidence other than the transcript from the February 14 hearing, and that any attempt by FamilyLink to formally call witnesses would have been futile. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (noting that it has relaxed predicate-request-and-refusal requirement when "the circumstances confirmed 'that the request would have been futile and the refusal little more than a formality'" (quoting *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991)). As a result, we disagree with the Department's contention that FamilyLink failed to adequately present the district court with the issue of whether it could call witnesses at the de novo hearing.

The Department has also filed a motion to dismiss FamilyLink's petition for writ of mandamus on the ground that the issue of whether the district court's March 8 order should be vacated is now moot. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal."). Specifically, the Department asserts that the issue has become moot because on April 11, 2022, the district court orally pronounced new temporary orders superseding the challenged order regarding visitation. Thus, the Department reasons, the February 25 orders are no longer in effect.

From the limited record before us, it appears that the court's April 11 orders incorporate the same unsupervised visitation schedule (subject to change upon the recommendation of a new therapist) that is the basis of the Department's complaint for mandamus relief. That is, FamilyLink seeks to compel the district court to conduct a de novo hearing at which it may present witness testimony on the issue of whether Father is entitled to unsupervised visitation with his children. Because this prospective relief is not moot, we deny the Department's motion to dismiss. *See In re Allied Chem. Corp.*, 227 S.W.3d 652, 655 (Tex. 2007) (concluding that subsequent trial court order did not moot mandamus proceeding because discovery issue was "capable of repetition in a manner that evades review"); *Davis v. Hays Cnty.*, No. 03-19-00925-CV, 2020 Tex. App. LEXIS 8738, at *10 (Tex. App.—Austin Nov. 6, 2020, no pet.) (mem. op.) (noting that "a defendant's cessation of the challenged conduct does not, in itself, deprive a court of the power to hear or determine claims for prospective relief").

## CONCLUSION

We conclude that FamilyLink is entitled to present witnesses at a de novo hearing before the district court on the issue of whether Father should have unsupervised visitation and that the district court abused its discretion by refusing to allow FamilyLink to do so. *See In re R.R.*, 537 S.W.3d at 624. Consequently, we lift the stay previously imposed by this Court, conditionally grant FamilyLink's petition for writ of mandamus, and direct the district court to vacate its March 9, 2022 order and to conduct a new de novo hearing. The writ will issue only if the district court fails to comply.

_____

Chari L. Kelly, Justice

Before Justices Baker, Kelly, and Smith

Filed:   December 7, 2022