

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00325-CV

IN RE AALIYAH TELESFORD, RELATOR

ORIGINAL PROCEEDING

October 2, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Aaliyah Telesford petitions this court for a writ of mandamus. Said petition is directed at a "report" and temporary orders issued by Associate Judge Stephen L. Johnson affecting her parent-child relationship with KAJ. It and the issues addressed therein are the subject of a timely request for de novo review filed under § 201.015 of the Texas Family Code. We deny the petition.

Normally, temporary orders are unappealable, thereby rendering them appropriate fodder for consideration via a petition for writ of mandamus. *In re Telesford*, No. 07-23-00167-CV, 2023 Tex. App. LEXIS 4201, at *5 (Tex. App.—Amarillo June 14, 2023, orig. proceeding) (mem. op.). Yet, the situation before us falls outside that norm. The report

and orders in question were issued by an associate judge whose decisions are reviewable through a de novo hearing. *See* TEX. FAM. CODE ANN. § 201.015(a) (so providing). In such a hearing, all issues upon which review is sought are tried anew. *In re R.R.*, 537 S.W.3d 621, 622–23 (Tex. App.—Austin 2017, orig. proceeding). And, Telesford requested a de novo hearing "on all pending issues, to include but not limited to standing, jurisdiction, conservatorship, possession, access, injunctions, wage withholding order, and child support to include health insurance and medical expenses." Thus, we conclude that an adequate remedy at law by appeal exists through which her complaints may be addressed. *See In re McIntire*, No. 07-22-00249-CV, 2023 Tex. App. LEXIS 60, at *1–2 (Tex. App.—Amarillo Jan. 5, 2023, orig. proceeding) (mem. op.) (stating that relief is available only to correct a clear abuse of discretion when there is no adequate remedy at law by appeal). That remedy is the trial de novo by the 99th Judicial District Court requested by Telesford.

We deny the petition for writ of mandamus.


Brian Quinn
Chief Justice

2