# NO. 12-23-00232-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE* |
| *A.C., R.G., P.G. AND B.G.,* | § | *COUNTY COURT AT LAW NO 2* |
| *MINOR CHILDREN* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, A.C., appeals the termination of her parental rights. In her sole issue, she argues that the trial court erred by denying her request for a de novo hearing. We reverse and remand.

## BACKGROUND

A.C. (Mother) is the mother of A.C., R.G., P.G., and B.G., all minor children. T.Y. is the father of A.C., while C.G. is the father of R.G., P.G., and B.G. On December 6, 2021, the Department of Family and Protective Services (the Department) filed an Original Petition for Protection of Child, for Conservatorship, and for Termination in a Suit Affecting the Parent-Child Relationship.[1] The reasons for removal included reports of family violence between Mother and C.G., reports of gunshots fired at the home, and the children testing positive for methamphetamine. After a hearing on December 20, the State of Texas assumed temporary managing conservatorship of all four minor children and they were placed in a foster home.

Having made progress on his Family Plan of Service, C.G. filed a Motion for Monitored Return, in which he offered to care for all four children. The court granted the motion and the children were transferred to C.G.'s home. In the interim, Mother participated in inpatient substance abuse treatment and expressed her willingness to co-parent with C.G. and continue

---

[1] Only Mother filed a notice of appeal.

outpatient substance abuse counseling. T.Y., A.C.'s father, was incarcerated throughout the pendency of this matter and reportedly made no progress on his Family Plan of Service.

Trial was originally scheduled for February 16, 2023. Although Mother's brief suggests that trial began on this date and caseworker Amanda Holster provided testimony, the record before us does not contain a transcript or audio recording of the proceedings from this date. However, the Department's Motion for Failed Monitored Return indicates that on February 23, the children were removed from C.G.'s home because R.G., P.G., and B.G. tested positive for illegal substances. Subsequently, all four children were returned to the care of their former foster parent.

The final trial in this matter commenced on July 24 before an associate judge. Holster testified that Mother completed all the requirements of her Family Plan of Service except for providing stable housing for the children, because she recently completed another residential substance abuse treatment program and resided in a women's sober living house. Neither Holster nor Brenda Walters, the children's CASA advocate, testified in favor of terminating Mother's parental rights, with both citing her progress in recovery. However, the Department maintained its position that the parental rights of Mother, C.G., and T.Y. should be terminated. The associate judge ultimately concluded that both Mother's and T.Y.'s parental rights should be terminated, but appointed C.G. as possessory conservator of R.G., P.G., and B.G.

Mother requested a de novo hearing of the associate judge's findings. On August 21, the date scheduled for the hearing, the trial judge briefly questioned the attorneys regarding the evidence they intended to present. He also asked C.G. (present as a witness for Mother) whether he had "anything brand new to tell me today[.]" Thereafter, the trial judge expressed his understanding that a de novo hearing "is for newly discovered evidence," and that "if something had cropped up in between that you had no idea about and couldn't have put on had you wanted to, tha's the purpose of de novo." He further stated that Mother retained the right to direct appeal. For this reason, the trial court refused to conduct the requested de novo hearing and affirmed the associate judge's ruling. Notably, the trial court's Order Adopting Associate

Judge's Report states that the trial court issued same "after de novo hearing held on August 21, 2023." This appeal followed.[2]

## DE NOVO HEARING

In her sole issue, Mother argues that the trial court abused its discretion in denying her request for a de novo hearing of the associate judge's ruling.

### Standard of Review and Applicable Law

We review the denial of a de novo hearing for abuse of discretion. *See **D.V. v. Texas Dep't of Fam. & Protective Servs.***, No. 03-23-00098-CV, 2023 WL 4494802, at *1 (Tex. App.—Austin July 13, 2023, no pet.) (mem. op.); ***Guerrero v. A.C.G.***, No. 08-22-00042-CV, 2023 WL 2589697, at *2 (Tex. App.—El Paso Mar. 21, 2023, no pet.) (mem. op.). A trial court abuses its discretion "when it acts with disregard of guiding rules or principles or when it acts in an arbitrary or unreasonable manner." ***In re Acad., Ltd.***, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). A trial court error requires reversal if it "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1(a).

The Texas Family Code allows a judge to refer certain matters, including a suit affecting the parent-child relationship, to an associate judge for a ruling. TEX. FAM. CODE ANN. § 201.005(a) (West 2023). The associate judge must issue a proposed order or judgment containing the associate judge's findings, conclusions, or recommendations. *Id.* § 201.011(a) (West 2023). Thereafter, a party may request a de novo hearing before the referring court by filing a written request within three days of receiving notice of the associate judge's order. *Id.* § 201.015(a) (West 2023). If properly requested, the de novo hearing is mandatory. *See id.* § 201.015(f) ("The referring court ... shall hold a de novo hearing not later than the 30th day after the date on which the initial request for a de novo hearing was filed with the clerk of the referring court."); ***Int. of A.L.M.-F.***, 593 S.W.3d 271, 279 (Tex. 2019) (de novo hearing process is "mandatory when invoked"). A trial court abuses its discretion if it fails to hold a de novo hearing on proper request. *See **D.V.***, 2023 WL 4494802 at *1; ***Guerrero***, 2023 WL 2589697 at *3.

---

[2] On August 22, 2023, counsel for the Department sent a letter to the trial court detailing his research into the requirements for presentation of evidence at a de novo hearing, and concluding that Texas law does not require that such evidence be "newly discovered."

**Analysis**

The record shows that Mother timely requested a de novo hearing before the referring judge and contains no objection from any party that Mother's written request is defective or noncompliant with the relevant statutes, including Section 201.015(b). Nor does our review of Mother's request reflect any such defects. Consequently, the trial court was required to hold a de novo hearing in which the referring court would resolve the disputed issue specified in said written request, namely the termination of Mother's parental rights. *See A.L.M.-F.*, 593 S.W.3d at 279; *D.V.*, 2023 WL 4494802 at *3. We do not find any legal authority supporting the trial court's imposition of a rule that a party must present "newly discovered evidence" before the court will conduct the requested de novo hearing. Therefore, we conclude that the trial court abused its discretion by refusing to hold a de novo hearing pursuant to Mother's request. *See D.V.*, 2023 WL 4494802 at *1; *Guerrero*, 2023 WL 2589697 at *3.

Even accepting as true the trial court's statement in its order that a de novo hearing *was* held on August 21, the trial court abused its discretion in conducting said hearing. Before affirming the associate judge's report, the trial court stated that it "looked at" the record of the proceedings before the associate judge and found "nothing I would do different based on the record." Presuming that these actions constituted de novo review by the trial court of the termination of Mother's parental rights, such review does not negate the court's abuse of discretion. Although the Family Code authorizes the referring court to consider the record of the proceedings before the associate judge, and parties are not *required* to call witnesses at a de novo hearing, Section 201.015(c) provides that the parties *may* present witnesses if they choose. *In re R.R.*, 537 S.W.3d 621, 624 (Tex. App.—Austin 2017, no pet.); *see also Int. of J.R.*, No. 07-18-00240-CV, 2018 WL 7488914, at *2 (Tex. App.—Amarillo Sept. 26, 2018, no pet.) (mem. op.) (parties entitled to present witnesses on issues specified in request for hearing). The record shows that Mother intended to call at least one witness, C.G., but was not permitted to do so. The referring court does not have the discretion to bar a party from calling witnesses at the de novo hearing. *In re R.R.*, 537 S.W.3d at 624; *see also In re FamilyLink Treatment Servs., Inc.*, No. 03-22-00210-CV, 2022 WL 17478413, at *4 (Tex. App.—Austin Dec. 7, 2022, no pet.) (mem. op.).

We also conclude that the trial court's error was harmful (and thus reversible) because it likely resulted in the rendition of an improper judgment, and further denied Mother the ability to

present her case to the referring court.  *See **In Int. of R.A.O.***, 561 S.W.3d 704, 710 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("A judgment rendered without granting a party the right to a de novo hearing on matters disposed of in the judgment is an improper judgment."); *see also **J.V. v. Texas Dep't of Fam. & Protective Servs.***, No. 03-16-00614-CV, 2017 WL 876028, at *2 (Tex. App.—Austin Mar. 1, 2017, no pet.) (mem. op.) ("We presume that the failure to hold the requested [de novo] hearing is harmful.").  At minimum, the trial court failed to hold a de novo hearing in compliance with the Family Code. TEX. FAM. CODE ANN. § 201.015(c); TEX. R. APP. P. 44.1(a).  We sustain Mother's sole issue.

## DISPOSITION

Having sustained Mother's issue, we ***reverse*** the trial court's order of August 29, 2023, adopting the associate judge's report, and ***remand*** this case to the trial court to conduct a de novo hearing consistent with this opinion.

JAMES T. WORTHEN
Chief Justice

Opinion delivered November 15, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 15, 2023**

**NO. 12-23-00232-CV**

## IN THE INTEREST OF A.C., R.G., P.G. AND B.G., MINOR CHILDREN

Appeal from the County Court at Law No 2
of Angelina County, Texas (Tr.Ct.No. CV-01486-21-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the trial court's order of August 29, 2023 be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*