# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00620-CV

### In re Laquisha Harris

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## MEMORANDUM OPINION

Relator LaQuisha Harris, respondent in the underlying suit affecting the parent-child relationship (SAPCR), has filed a petition for writ of mandamus, complaining of the trial court's order vacating a prior order that granted her plea to the jurisdiction and dismissed the case. For the reasons set forth herein, we conditionally grant the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

## BACKGROUND

On April 19, 2022, real party in interest Yvette Nicole Pearson, the former partner of Harris, filed the underlying SAPCR seeking appointment as joint managing conservator of Harris's then-two-year-old son, whom Pearson alleges was conceived during their relationship. Pearson asserted standing to bring the suit under Section 102.003 of Texas Family Code, which provides that an original SAPCR may be filed by "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than

90 days preceding the date of the filing of the petition." Tex. Fam. Code § 102.003(a)(9). Harris filed a plea to the jurisdiction, disputing Pearson's contention that she had "actual care, control, and possession" for the period required by the statute.

On August 1, 2022, Associate Judge Julio de la Llata heard the plea and, at the conclusion of the hearing, recommended that the plea be granted. In his proposed order, the associate judge found that there was "no credible evidence that [Pearson] lived with the child the subject of this suit after May 2021" or "had actual care, control, and possession of the child . . . for six months ending not more than 90 days prior to" the date the SAPCR was filed. On August 2, 2022, Pearson filed a request for a de novo hearing and for findings of fact and conclusions of law. On August 5, 2022, with the request for a de novo hearing pending, District Judge Karin Crump signed the proposed order, adopting Judge de la Llata's findings and recommendation to dismiss the SAPCR.

Eight months later, Pearson's de novo appeal was heard by District Judge Madeleine Connor.[1] On April 11, 2023, Judge Connor signed an order denying Harris's plea to the jurisdiction and vacating Judge Crump's prior order dismissing the suit. In the order, Judge Connor expressly found that Pearson had "provided credible evidence that she resided with the Child within 90 days of filing suit."

On April 13, 2023, Pearson filed an amended petition and request for temporary orders, a hearing on which was held before Associate Judge Andrew Hathcock on May 3, 2023. After the hearing, Associate Judge Hathcock issued a letter ruling, dated May 10, 2023, stating

---

[1] Due to a rotating, central-docket system in Travis County, different judges heard various motions and signed orders throughout the proceedings in the underlying suit. *See* Travis Cty. Dist. Ct. Loc. R. 1.2, 1.3.

that (1) Judge Crump's August 5, 2022 order granting Harris's plea to the jurisdiction and motion to dismiss was a final, appealable order, and (2) Judge Connor's April 11, 2023 order, purporting to vacate Judge Crump's order, was signed after the court's plenary power had expired and therefore was void. Later that afternoon, Pearson filed a request for de novo hearing to review Associate Judge Hathcock's order. On June 15, 2023, Harris filed a special appearance and asked the court, in the alternative, either to dismiss for want of subject-matter jurisdiction or decline to exercise such jurisdiction if found to exist.

Following a hearing on September 14, 2023, District Judge Maya Guerra Gamble signed an order granting Pearson's request for de novo review and denying Harris's plea to the jurisdiction. In the order, Judge Gamble expressly found that the court continued to have plenary power over the case and that Judge Connor's April 11, 2023 order denying Harris's plea to the jurisdiction is "valid and in force." The order also "confirmed, pursuant to the April 11, 2023 order, that the August 5, 2022 order granting [Harris's plea to the jurisdiction and motion to dismiss] is and has been vacated." This original proceeding followed.

**ANALYSIS**

In her petition to this Court, Harris argues that the April 11, 2023 order signed by Judge Connor—concluding, following a de novo hearing, that Pearson has standing under Section 102.003 to seek conservatorship—is void because it was signed after the expiration of the trial court's plenary power. Similarly, Harris reasons that Judge Guerra Gamble's September 28, 2023 order—concluding that the court continued to have plenary power and granting a request for a second de novo hearing—constitutes an abuse of discretion and is subject to mandamus relief.

3

The Texas Family Code provides that a trial court may refer to an associate judge "any aspect of a suit over which the court has jurisdiction" under the Code. *In re R.R.*, 537 S.W.3d 621, 622 (Tex. App.—Austin 2017, orig. proceeding) (citing Tex. Fam. Code § 201.005). When a matter is referred to an associate judge, the associate judge may conduct a hearing, hear evidence, make findings of fact, and recommend an order to be rendered. *Id.* (citing Tex. Fam. Code § 201.007); *see also* Tex. Fam. Code § 201.204 (addressing powers of associate judge in child-protection case). When an associate judge makes a recommendation or temporary order, any party may request a de novo hearing before the referring court by filing with the clerk a written request not later than the third working day after the date the party receives notice of the substance of the associate judge's report, whether in open court, by an oral statement, or from a copy of the associate judge's written report, including any proposed order. Tex. Fam. Code §§ 201.001(c)(1), .015(a)–(b). If a party properly and timely requests a de novo hearing, the trial court must hold a de novo hearing within thirty days. *Id.* § 201.015(f) (providing that referring court "*shall* hold a de novo hearing not later than the 30th day after the date on which the initial request for a de novo hearing was filed with the clerk of the referring court" (emphasis added)).

Applying the foregoing provisions to the facts before us, we conclude that Pearson's August 2, 2022 request for a de novo hearing was timely filed within the meaning of Section 201.001(c)(1) of the Family Code. In addition, the referring court did not hold a de novo hearing within thirty days of the timely filed request, as required by Section 201.015(f) of the Family Code. Instead, on August 5, 2022, the referring court signed an order adopting the recommendation of the associate judge without conducting a de novo hearing. The parties' dispute, and the operative question before us, concerns the effect of trial court's August 5, 2022 order on its plenary power.

Under Rule 329b of the Texas Rules of Civil Procedure, a trial court retains plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment for thirty days after the judgment is signed. *See* Tex. R. Civ. P. 329b(d). However, when a motion for new trial or a motion to modify, correct, or reform the judgment is timely filed, the trial court's plenary power is extended up to an additional seventy-five days. *Id*. R. 329b(c)-(e). If an order or judgment is signed after the court loses plenary jurisdiction, the order or judgment is void. *In re Office of the Att'y Gen. of Tex.*, 264 S.W.3d 800, 809 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) (holding that "orders entered outside a trial court's plenary power are void").

Harris argues that Judge Crump's August 5, 2022 order constitutes a final, appealable order and that all of the court's subsequent orders, including those signed by Judge Connor and Judge Guerra Gamble, were signed after its plenary power had expired and, consequently, are void. In support of her argument, Harris cites *State ex rel. Latty v. Owens*, in which the Supreme Court held that "a district court's order adopting [an associate judge's] report, that is signed after notice [of de novo] appeal but before the required hearing, is a final appealable order" for purposes of computing plenary power. 907 S.W.2d 484, 485 (Tex. 1995) (per curiam). "Although the district court should have held a hearing on [the de novo] appeal before signing an order adopting the . . . report," the Supreme Court explained, "its failure to do so did not deprive it of jurisdiction to issue the order or make the order void." *Id*. Thus, even though Owens (the aggrieved party in that case) "timely requested a de novo hearing to contest the . . . recommendations and fully expected such a hearing to be set, he should have petitioned the district court to vacate the first order (which would have had the effect of a motion for new trial), timely appealed, or filed a bill of review." *Id*. at 486.

5

In response, Pearson argues that *Latty* is not controlling in this case because it was decided prior to the enactment of Section 201.014 of the Family Code, the current statute governing judicial action on an associate judge's proposed order or judgment. We disagree. While Pearson is correct that the current Family Code provision became law a few months after the decision in *Latty* was handed down, the current statute was a nonsubstantive recodification of then-existing law, and the provision the *Latty* court construed in its opinion was the predecessor to the statute at issue here. *See Latty*, 907 S.W.2d at 484 (citing Tex. Gov't Code § 54.012, repealed by Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 2, sec. 3, Tex. Gen. Laws 113, 282 (captioned "relating to the recodification of statutes relating to parents and children and suits affecting the parent-child relationship"); *see also* Tex. Fam. Code Ann. tit. 5, Disp. Table, Editor's Notes (indicating that Act added Title 5 to Family Code and that former provisions of Chapter 54 of Government were recodified under current Chapter 201 of Family Code).

Judge Crump's August 5, 2022 order, granting Harris's plea to the jurisdiction, disposed of all issues and all parties in the case. Therefore, under *Latty*, the order was a final, appealable judgment, notwithstanding Pearson's pending request for a de novo hearing. Because no actions were taken that would have extended the trial court's plenary power, the trial court's plenary power expired thirty days after the order was signed. Tex. R. Civ. P. 329b(d). The district court therefore did not have plenary power when it signed its subsequent orders, including those signed by Judge Connor and Judge Guerra Gamble, and those orders are void.[2] *See In re A.J.F.*,

---

[2] Even if the trial court's plenary power had been extended by operation of Rule 329b(e)-(g), that plenary power would have expired approximately five months before the court issued its April 11, 2023 order. *See L.M. Healthcare, Inc. v. Childs*, 929 S.W.2d 442, 444 (Tex. 1996) (holding that "[t]he trial court's plenary jurisdiction cannot extend beyond 105 days after the trial court signs the judgment").

313 S.W.3d 475, 478 (Tex. App.—Dallas 2010, no pet.) (stating that judicial action taken after court's jurisdiction over case has expired is a nullity). A trial court's issuance of a void order is an abuse of discretion, and a relator seeking mandamus review need not show she does not have an adequate appellate remedy in that circumstance. *See In re Southwest Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (explaining that issuance of void order constitutes abuse of discretion and that mandamus relief is appropriate).

For the foregoing reasons, we conditionally grant Harris's petition for writ of mandamus and direct the trial court to vacate the April 11, 2023 order, along with any and all subsequently signed orders, including the September 28, 2023 order. *See* Tex. R. App. 52.8(c). The writ will issue only if the trial court fails to comply.

_____

Chari L. Kelly, Justice

Before Justices Chief Justice Byrne, Justices Kelly and Smith

Filed: February 29, 2024

7